Argued April 22; reversed May 26, 1931

## COOK *v.* PORTLAND-GRESHAM STAGES, Inc.
### (299 P. 331)

*Allan A. Bynon,* of Portland (Emmons, Lusk & Bynon, of Portland, on the brief), for appellant.

*Wm. P. Lord,* of Portland (Lord & Moulton, of Portland, on the brief), for respondent.

BELT, J. This is an action to recover damages for personal injuries sustained in a collision between an automobile truck and an automobile stage. Plaintiff was a gratuitous passenger in the truck and had no control over its operation. The collision occurred at the intersection of "Pleasant Home Road" and the Mt. Hood Loop Highway, about four miles east of Gresham. Since the assignments of error pertain solely to the instructions of the court, no extended statement

of the case is deemed necessary. Verdict and judgment were had for plaintiff in the sum of $11,000. Defendant appeals.

Defendant excepted to the giving of the following instructions for the reason, primarily, that the alleged negligence of the driver of the truck was eliminated from consideration of the jury:

## I.

"This testimony about the conduct of the driver of the truck is brought in as surrounding circumstances so that you may judge of the negligence, if there was any, of the bus driver."

## II.

"We are ordinarily concerned with the drivers of the conveyances, but this time it is one driver that the discussion centers about—that is, the driver of the bus."

## III.

"Now, you see that leaves out the driver of the truck altogether. We are not concerned with him in the final result, although it has been important to show what he did for the purpose of developing the whole story."

## IV.

"I have instructed the jury that the negligence of the truck has nothing to do with the case unless it was the only thing that produced it. If the negligence of the truck was the only thing."

## V.

"I furthermore do not think it makes any difference, unless the negligence of the truck was the only thing that caused this, then the negligence of the truck does not figure in the case at all, as I see it."

We think there is merit in the contention of appellant. While the alleged negligence of the driver of the

truck cannot be imputed to the plantiff, a gratuitous passenger, the conduct of the driver of the truck was important in order to determine the ultimate question, viz: Did the plaintiff exercise due care to avoid injury? It is quite true that plaintiff's action was based on the alleged negligence of the bus driver, but how was the jury to determine whether plaintiff was guilty of contributory negligence if the alleged negligence of the truck driver was not to be taken into consideration? To say to the jury that the "negligence of the truck does not figure in the case at all" destroyed the very foundation upon which the charge of contributory negligence was based. We are not unmindful that in other parts of the charge the court correctly instructed as to the duty of the plaintiff to exercise due care to avoid injury, but, nevertheless, it is believed that the jurors were left in a confused state of mind by reason of the contradictory and inconsistent instructions to which exceptions were taken.

The remaining assignment of error, No. 6, is, in our opinion, frivolous and, therefore, will not be discussed.

The judgment of the lower court is reversed and the cause remanded for a new trial.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.