Argued January 25; affirmed February 8; rehearing denied
March 8, 1938

# CECCACCI *v.* GARRE

(76 P. (2d) 283)

Department 1.

*J. H. Kelley*, of Portland, for appellant.

*Donald K. Grant*, of Portland (Maguire, Shields & Morrison, of Portland, on the brief), for respondent.

KELLY, J.  This is an action to recover damages for personal injuries sustained by plaintiff who had been driving an auto truck loaded with vegetables packed in crates and boxes and who had stopped his truck near NE. 39th Avenue on the northerly and right-hand side of NE. Sandy Boulevard in Portland, with the front wheels of his truck slanting in toward an adjacent filling station and on the driveway thereof and the rear wheels resting from one and one-half to four feet from the curb line.  After stopping his truck, plaintiff set the brakes, got out of his cab leaving the motor running and went around toward the rear end of his truck.

The accident occurred at approximately 4 o'clock a. m. of August 7, 1936.  At this time defendant's son was driving a truck belonging to defendant in a westerly direction on said Sandy Boulevard, toward its intersection with said NE. 39th Avenue, and as plaintiff was standing at the rear of his truck and inspecting the load, defendant's truck collided with plaintiff's truck, throwing the load off of plaintiff's truck and over and upon plaintiff causing the injuries for which

recovery is sought. The place of the collision was within the business district of the city of Portland.

Originally defendant's answer, besides denying the allegations of negligence set forth in plaintiff's complaint, also alleged contributory negligence on plaintiff's part, in failing to keep a proper or any lookout for his own safety, in parking his truck on Sandy Boulevard without having the rear lights lit and burning, in operating his truck when it was not equipped with rear lights and in parking his said truck in the street away from the curb.

On the second day of the trial, after plaintiff's witness, Officer Ide, testified to skid marks placing the rear wheel of plaintiff's truck some four feet south of the curb and after plaintiff testified that the rear right wheel of his truck was approximately a foot and a half from the curb, defendant sought and obtained an order of the court permitting him to amend his answer by adding to the above specifications of negligence the following:

"in violation of ordinance No. 61219 passed by the city council of the City of Portland, August 12, 1931, which was in full force and effect at the time of the accident hereinabove described, being an ordinance regulating traffic, providing a penalty for violation thereof, repealing ordinance No. 52353 as amended and all other ordinances or parts of ordinances in conflict herewith and declaring an emergency."

Plaintiff requested the court, among other things to instruct the jury as follows:

"There has been some evidence to the effect that the plaintiff stopped his truck a short distance out from the northerly curb of Sandy Boulevard. Parking an automobile or truck means something more than just stopping on the highway. Automobilists who exercise due care may, in an emergency, use a portion of the

roadway for making necessary inspections of his car, load or make emergency repairs, or for the performance of other acts rendered necessary by the emergency of of his car to proceed in safety to himself or to his load; such temporary stopping being incidental to travelers are regarded as proper use of the highway and not as what is commonly known as 'parking'. There is no definition in the laws of the State of Oregon of the word, 'park' but it is understood to mean something more than mere temporary or momentarily stopping on the road for a necessary purpose, and if the plaintiff believed or had reason to believe that his truck together with the load thereon was insecure and might cause him injury he had a right to stop the car on the highway and to inspect his load or car. (Martin v. Oregon Stages Inc. 129 Ore. 435) (Dore v. Boss, 111 Ore. 190) (Holman v. Uglow, 137 Ore. 365). If you find from the evidence that the plaintiff temporarily stopped his truck when the rear end was more than one foot away from the curb line, notwithstanding that fact, if you find that defendant was negligent in any one or all of the particulars set out in plaintiff's complaint and that the act of plaintiff in temporarily stopping his truck more than one foot away from the curb line was not the proximate cause of the accident and the particular cause of the accident was the act or acts, or negligence of the defendant then your judgment shall be for the plaintiff in such sums as general and special damages as you may decide.''

The trial court did not give the foregoing instruction requested by plaintiff; but, upon that phase of the case, instructed the jury as follows:

''Now then, we have a city ordinance in this city that provides where you park a car in the city you should park it not more than one foot from the curb, and if in this case you should find from the evidence, in the first place, that the plaintiff did park his car more than one foot from the curb, that would be negligence as a matter of law; and if you should further find that this negligence contributed to bringing about this accident,

then the plaintiff in this case could not recover. However, the duty rests upon the defendant to satisfy you by the weight of the evidence that the car was improperly parked."

The jury returned a verdict for the defendant and from the judgment based upon that verdict plaintiff prosecutes this appeal.

It is argued by plaintiff that the city of Portland was without any authority to enact the ordinance above mentioned. This argument is based upon the provisions of sections 6 and 7-a and 50-a of chapter 360, Oregon Laws 1931, and the holding of this court as recently announced by Mr. Justice BAILEY in the case of *Winters v. Bisaillon,* 152 Or. 578 (54 P. (2d) 1169).

Said sections 6, 7-a and 50-a are as follows:

"Section 6. The provisions of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this act unless expressly authorized herein.

"Section 7. (a) Local authorities, except as specifically authorized in this act, shall have no power or authority to alter any of the regulations declared in this act, or to enact or enforce any rule or regulation contrary to the provisions of this act, except that local authorities shall have power to provide by ordinance for the regulation of traffic by means of traffic officers or semaphores or other signal devices on any portion of the highway where traffic is heavy or continuous, and may prohibit other than one-way traffic upon certain highways, and may regulate the use of the highways by processions or assemblages; provided, however, that where one-way traffic is provided for, such authorities shall erect and maintain suitable signs at reasonable intervals upon said highway informing the public of such fact.

"All such signs shall be so placed as to be visible to the driver of an approaching vehicle. Local authorities may also regulate the speed of vehicles in public parks and shall erect at all entrances to such parks adequate signs giving notice of any such special speed regulations."

"Section 50. (a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence, district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway; provided in no event shall any person park or leave standing any vehicle whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than 16 feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway."

The doctrine as announced in *Winters v. Bisaillon* upon which plaintiff relies is expressed in the following excerpt from the opinion:

"We further hold that the state has and retains either by the act of the legislature or by vote of the electorate, the right to enact general laws prescribing the speed of motor vehicles and general rules regulating traffic on the highway of the state, which right when exercised cannot be curtailed, infringed upon or annulled by local authorities."

■■ Because of the principle thus stated we are called upon to determine whether the right to enact general laws prescribing the manner in which motor vehicles shall be parked in the business district of a city has been exercised by the legislature or vote of the electorate in such a way that the ordinance in suit curtails, infringes upon or annuls the same. We find no such

legislation. We find nothing in the method of parking prescribed by the ordinance in suit which contravenes or is inconsistent with any provision of the statute. For this reason we hold that no error was committed by the trial court in giving effect to the provisions of said ordinance in that respect.

■ Upon the question whether the judicial discretion of the trial court was abused by permitting an amendment of defendant's answer wherein said ordinance was pleaded by title and date of enactment, we hold that plaintiff has neither shown that he was surprised by reason of the interposition of the provisions of said municipal ordinance into the consideration of the facts elicited by him in his case in chief nor that he was thereby prevented from fully presenting his case to the jury; and hence no error is shown in that respect.

■ As to the assignment of error based upon the trial court's failure to define what constitutes parking, we think error in that regard may be attributed only in case the record discloses a request by plaintiff correctly stating the law thereon.

■■ In this case plaintiff presented a requested instruction based upon Sec. 50-a of Chapter 360, Laws of 1931. As stated we think that the ordinance in suit does not contravene nor is it inconsistent with said section. It merely prescribes a specific method and manner of parking automobiles upon the streets of the city. This the statute does not purport to do: *Flynn v. Bledsoe Co.*, 92 Cal. App. 145 (267 P. 887). In this respect, the terms of the ordinance are controlling: *Borum v. Graham,* 4 Cal. App. (2d) 331 (40 P. (2d) 866). No error was committed by the trial court in refusing to give said request.

■ The request on the subject of parking first quoted herein likewise fails to announce the law correctly

thereon. That request speaks disjunctively of the circumstances giving plaintiff the right to stop his car upon the highway, that is, "if the plaintiff believed *or* had reason to believe that his truck together with the load thereon was insecure", etc. It is only where the operator, acting reasonably, that is where he has reason to believe *and* does believe that his load is insecure, that he has a right to stop on that account. Moreover, this request, in its concluding sentence, takes no account of the specifications of negligence in the answer that plaintiff failed to keep a proper or any lookout for his own safety, that he parked his truck without having the rear lights lit and burning and that he was operating his truck when it was not equipped with rear lights.

■ For these reasons we hold that no proper request was made for an instruction particularly defining the meaning of the term park and the plaintiff cannot now be heard to say that the court erred in failing to define it.

■ The record before us fails to disclose any testimony upon which plaintiff's requested instruction No. VIII might be based insofar as the same pertains to front lamps. The purport of that part of this requested instruction is that during a period from one-half hour after sunset to a period one-half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of 200 feet ahead every motor vehicle shall be equipped with lighted front lamps so constructed, arranged and adjusted that they will, under normal atmospheric conditions and on a level road, produce a driving light sufficient to render clearly discernible a person 200 feet ahead and to be visible under

normal atmospheric conditions from a distance of 500 feet to the front of such vehicle.

Plaintiff's requested instruction No. IX takes no account of the issue of contributory negligence on plaintiff's part in the manner of parking his truck and in failing to maintain a proper or any lookout for his own safety, and hence no error was committed in failing to give the same.

Finding no reversible error, the judgment of the circuit court is affirmed.

BEAN, C. J., and ROSSMAN and BELT, JJ., concur.