Argued March 28; reversed April 9, 1940
# GWIN *v.* CRAWFORD
(100 P. (2d) 1012)

Department 1.

*Nicholas Jaureguy*, of Portland (Cake, Jaureguy & Tooze, of Portland, on the brief), for appellant.

*T. Walter Gillard*, of Portland (William P. Lord, of Portland, and Lester Sheeley, of Vernonia, on the brief), for respondent.

KELLY, J. The accident happened on November 30, 1938, at about 4 o'clock p. m. on a country road about six miles from Vernonia, in Columbia county, on what is sometimes known as the Wilark highway. Plaintiff was riding with her husband in an automobile which he was driving. They were going in a general northwesterly direction.

The defendant was operating a school bus going in an opposite direction to that pursued by plaintiff and her husband.

The gravamen of plaintiff's alleged cause of action is stated generally in paragraph IV of her complaint, which we quote:

"That on or about the 20th day of November, 1938, at and about the hour of 4:00 o'clock P. M., plaintiff as a passenger in said 'plaintiff's automobile' was proceeding from said Wilark to said Vernonia, and plaintiff's automobile was being driven on its right hand half of said highway, and had reached a point approximately six miles from said Vernonia, when defendant, driving in the opposite direction on said highway, or in other words, in a general southeasterly direction, did carelessly and negligently drive his said bus across and over the center portion of said highway, and onto the portion

of said highway upon which plaintiff's automobile was being driven, thereby causing plaintiff's automobile to be driven over and off the graveled portion of said highway, and onto what might be termed the soft shoulder thereof, and causing plaintiff's automobile to overturn and capsize down the abrupt embankment of its right hand portion of said highway, and causing said automobile to fall a distance of approximately eight feet, and plaintiff's automobile came to rest on its top, and causing plaintiff to sustain the injuries hereinafter set forth.''

Defendant denied negligence on his part, and affirmatively alleged, negligence on the part of plaintiff's husband; that the accident was entirely due to the negligence of plaintiff's husband; that in the operation of their automobile, plaintiff and her husband were engaged in a joint enterprise, and that the alleged negligence of plaintiff's husband should be imputed to plaintiff.

The testimony is conflicting. Plaintiff and her husband testified that as the two cars approached each other, defendant's bus was over the center line on defendant's left of the traveled portion of the highway. A witness, who was following defendant's bus and who testified that plaintiff's car passed the witness' car before leaving the highway, testified that defendant's bus at all of the time involved herein was on defendant's right of the center line aforesaid. Defendant testified, however, to the effect that for some time before seeing plaintiff's approaching car, defendant had driven in the center of the traveled portion of the road, and when the cars were about 75 feet from each other defendant moved over to his right as much as he could.

Plaintiff introduced testimony that as the two cars approached each other, plaintiff merely called her

husband's attention to their apparent danger; while, on behalf of defendant, testimony was introduced of declarations made by plaintiff to the effect that at that time plaintiff grabbed her husband's arm and buried her head in his arm, saying, "Here we go."

The testimony, in behalf of plaintiff, is that, when plaintiff's car left the highway, overturned and fell, plaintiff's car had just passed the rear of defendant's bus; while the testimony for the defendant is that the two cars were 150 feet apart when plaintiff's car left the highway.

■■ The first assignment of error is based upon an instruction to the jury given immediately after the court had instructed the jury,—

"that the real question you have to decide here as far as negligence on the part of the defendant is concerned, is, did the defendant hog the road by taking a part of his left hand half of the road. If he did not; if he stayed on his half of the road, then he was not guilty of negligence in any sense, and you could not find him responsible for any injuries the plaintiff may have received."

The instruction forming the ground of defendant's first assignment of error is as follows:

"Of course, in that situation, any injuries the plaintiff may have received would be due to the negligence of her husband, if there was any negligence, and so in that connection, it is not really necessary that the plaintiff, the defendant I should say, prove by any preponderance of the evidence that Mr. Gwin was negligent if he proves he was not negligent. If the defendant proves that he was not negligent, he does not have to prove that by a preponderance of the evidence. He only has to introduce such proof as would prevent you from saying in your mind, that the plaintiff has proven the defendant's negligence by a preponderance of the evidence, and naturally, if the proof of negligence on the part of Mr.

Gwin was such as to raise a doubt in your minds as to how that evidence so preponderated, and led you to say that you cannot say that you are satisfied by a preponderance of the evidence that the accident was caused by the defendant's negligence rather than the negligence of Mr. Gwin, you would then have to find your verdict for the defendant because you could not then say there was a clear preponderance of the evidence establishing negligence on the defendant as being a proximate cause of the plaintiff's injuries.''

The vice of this instruction lies in its implication that defendant must introduce testimony for the purpose of convincing the jury that plaintiff has not sustained the burden of proof in the sense of establishing the truth of the controverted allegations constituting his cause of action. Given this meaning, the burden of proof generally rests throughout on the party asserting the affirmative of the issue.

Where a presumption intervenes or the doctrine of *res ipsa loquitur* is applicable, this rule is not controlling, but with reference to the record in the instant case there is nothing rendering the general rule inapplicable.

The term, burden of proof, also means the duty of producing evidence at the beginning or at any subsequent stage of the trial in order to make or meet a *prima facie case.* In connection with this duty, the court, in deciding a motion for nonsuit or a directed verdict, has authority to rule that the one or the other party has not made a sufficient case to require his opponent to proceed; but this does not give to the judge at any stage of the case the right to say to the jury that the party holding the affirmative of the issue has sustained the burden of proof in the sense of having established the truth of his controverted allegations by the required

quantum of evidence: *Askay v. Maloney,* 92 Or. 566, 179 P. 899; *Hickey v. Daniel,* 99 Or. 525, 195 P. 812; 5 Wigmore on Evidence (2d Ed.) § 2487; Vol. 2, Chamberlayne, The Modern Law of Evidence, § 938, p. 1103.

■ The second assignment of error is based upon the submission by the court to the jury of the question whether the highway in suit was a one-way highway or not.

This action was taken when a juror interrogated the court as to whether the fact, that it had been a sort of a usual thing for the people to drive in the middle of the road, would have any bearing.

The court was in error in submitting this question to the jury. It was not an issue in the case. Neither party charged the other with having traveled in the wrong general direction, although, as stated, they were traveling in opposite directions.

Moreover, the instruction was misleading for the reason that it was incomplete. The statute provides that where one-way traffic is provided for, the authorities shall erect and maintain suitable signs at reasonable intervals upon said highway informing the public of such fact. The presence or absence of such signs would be a material factor in determining whether one, traveling in the wrong direction upon a highway where one-way traffic is prescribed, should be deemed guilty of negligence *per se.* Besides, there is nothing in the record tending to show that the highway in question was, or ever had been, a one-way highway.

■ The third assignment of error is based upon the court's refusal to give the following instruction requested by defendant:

''In order for the plaintiff to prevail in this case, it is necessary that you should find by a preponderance

of satisfactory evidence that the defendant was negligent and that such negligence was a proximate cause of the injuries to the plaintiff. You are instructed that in determining whether plaintiff has sustained this burden that evidence is deemed satisfactory only if it produces moral certainty or conviction in an unprejudiced mind. Only evidence which produces such moral certainty or conviction is sufficient to justify a verdict, any evidence less than this being insufficient.''

While the writer dissented when this court approved such an instruction, its approval has not been overruled or modified and hence the defendant was entitled to have the requested instruction given: *Metropolitan Casualty Ins. Co. v. Lesher*, 152 Or. 161, 52 P. (2d) 1133; Oregon Code 1930, sections 9-103, 9-112, 9-2001.

■ The fourth assignment of error is based upon the giving to the jury the following instruction:

''Of course, it was the duty of the defendant to drive his car on his right half of the road, and if he failed to do that and thereby produced the plaintiff's injuries as a proximate cause of such negligence on his part, he is responsible and you should find your verdict for the plaintiff, but if you find that her injuries were produced by the negligence of her husband or there is a reasonable doubt—I shouldn't say reasonable doubt—if there is a question as to the preponderance, which way the evidence preponderated in that regard, then you would similarly have to find your verdict for the defendant because it would not then be clearly established by a preponderance of the evidence that the defendant's negligence was the proximate cause of the plaintiff's injuries * * *.''

Error is also assigned in giving the jury the following instruction:

''And of course, if you find that the plaintiff's case against the defendant has been established by a preponderance of the evidence, you would then have to

determine the further question of what injuries or damage that the plaintiff may have suffered by reason thereof.''

The vice of these instructions is that no reference is made to the defense of contributory negligence.

It was stipulated that plaintiff and her husband were engaged in a joint enterprise when the accident occurred. In defendant's answer the husband is charged with negligence causing the accident. Included in this defense therefore is the defense of contributory negligence.

Elsewhere in his charge, the learned trial judge instructed upon contributory negligence and joint enterprise and the question whether the omission of those phases of defendant's case from the above instructions was error. Guided by former decisions of this court, we are constrained to hold that it was: *Cook v. Portland-Gresham Stages, Inc.*, 136 Or. 378, 299 P. 331; *Wike v. Oregon-Washington R. & N. Co.*, 83 Or. 678, 163 P. 825.

The fifth assignment of error is based upon the following instruction:

''There are other allegations of negligence stated in the complaint such as the claim that the defendant failed to observe the approach of the plaintiff's car, and failed to notice there was a soft shoulder there which would be dangerous for the plaintiff's car to be driven on, and various things like that, but those details of negligence are important only so far as they may have had a bearing upon any negligence of the defendant in driving onto the left half of the road and thereby forcing the plaintiff's car off of the highway; the safe part of the highway, so that the real question you have to decide here as far as negligence on the part of the defendant is concerned, is did the defendant hog the road by taking a part of his left hand half of the road.''

At best, only an inference could be drawn to the effect that defendant failed to observe the soft shoulder and that would have been an inference of fact only. We can find no justification in the record, however, for inferring that defendant failed to observe the approach of plaintiff's car. We think further discussion of this assignment is unnecessary for the reason that upon a retrial the instruction doubtless will be withheld or appropriately modified.

■ The sixth assignment is based upon the court's refusal to permit the defendant to inquire as to the course taken by plaintiff's husband at a former trial with reference to calling a witness, who, plaintiff's husband said, had imputed negligence to defendant immediately following the accident. If error at all, this was harmless for the reason that at both trials that person was called to the witness stand by defendant, and at the last trial testified in reference to the course taken by plaintiff's husband in the respect mentioned.

■ We are not unmindful that in considering objections to instructions, the instructions should be considered as a whole and not only by segregated parts: *Farmers' & Traders' National Bank v. Woodell*, 38 Or. 294, 305, 306, 61 P. 837, 65 P. 520; *Hornby v. Wiper*, 155 Or. 203-211, 63 P. (2d) 204; *Stuart v. Occidental Life Ins. Co.*, 156 Or. 522, 536, 68 P. (2d) 1037; *Cosgrove v. Tracey*, 156 Or. 1, 13, 14, 64 P. (2d) 1321; *Lane v. Brotherhood of L. E. & F.*, 157 Or. 667, 692, 73 P. (2d) 1396.

We have carefully considered the entire charge of the court to the jury and are of the opinion that the effect of the foregoing errors was not overcome by the other parts of the charge. The jury may have been, and probably were, confused by the conflicts appearing be-

cause of the erroneous instructions. Moreover, there is nothing in the general charge which covers the rule invoked by defendant in the requested instruction, the refusal of which comprised the basis of defendant's third assignment of error.

 Because of the errors mentioned above and for the reason that we think the facts of this case should be determined by a jury rather than by this court, the judgment of the circuit court is reversed and the cause remanded for such further proceedings as are not inconsistent herewith.

RAND, C. J., and ROSSMAN and BELT, JJ., concur.