Argued May 20, affirmed June 17, petition for rehearing
denied July 22, 1953

# RAUW *v.* HULING and SPARKS

259 P. 2d 99

*William C. McCarthy* and *Loyal H. McCarthy* argued the cause for appellant. On the briefs were McCarthy & McCarthy, of Portland.

*Hugh L. Biggs,* of Portland, argued the cause for respondents. With him on the brief were Cleveland C. Cory and Hart, Spencer, McCulloch, Rockwood and Davies, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, TOOZE and PERRY, Justices.

TOOZE, J.

This is an action for damages for injuries to person and to property, claimed to have been suffered as the

result of the negligent operation of a motor truck, brought by Mathew H. Rauw, as plaintiff, against Harley Thomas Huling and Vernon Sparks, individually and as copartners, as defendants. The trial resulted in a verdict and judgment in favor of defendants. Plaintiff appeals.

Prior to and at the time of the accident involved in this litigation, plaintiff was a salesman and in connection with his work owned and operated a Dodge coupe automobile. Defendants were copartners engaged in the cement contracting business and in connection with their business owned and operated a Dodge motor truck with a cement mixer installed thereon.

The accident occurred at about 8:30 a.m. on June 1, 1949, at the intersection of S. E. Stark street and S. E. 117th avenue, just east of the city limits of the city of Portland in Multnomah county, Oregon. S. E. Stark street runs in a general easterly and westerly direction and S. E. 117th avenue in a general northerly and southerly direction. Both east and west of its intersection with S. E. 117th avenue, S. E. Stark street is paved with black-top, 21 feet in width, with a concrete strip or shoulder, 4 feet 10 inches in width, on each side thereof. A yellow stripe marks the center line of S. E. Stark street. At the time of the accident, the pavement was dry.

Immediately prior to and at the time of the accident, plaintiff was operating his automobile in an easterly direction along S. E. Stark street on his way to Gresham to make certain calls upon customers of his employer. At the same time, defendants were operating their motor truck in a westerly direction along S. E. Stark street, intending to turn left at S. E. 117th avenue. Defendant Huling was driving the motor truck and

was accompanied by his partner Sparks, they then being engaged in the business of the partnership.

While defendants were in the process of making their left turn at S. E. 117th avenue, the motor truck was struck just behind its right front wheel by the front end of plaintiff's automobile. As the direct result of the collision, plaintiff suffered certain personal injuries, and his automobile was badly damaged.

Plaintiff, in his complaint, alleged that the collision was caused by reason of the following acts of negligence on the part of defendants:

"(a) Making a sudden left turn without a proper signal and without any signal;

"(b) Failing to yield the right-of-way to oncoming traffic while making a left turn;

"(c) Making a left hand turn without sufficient clearance therefor;

"(d) Failing to keep a proper look-out for other vehicles;

"(e) Failing to keep their truck under proper control."

Defendants, in their answer, denied the acts of negligence alleged against them and affirmatively charged that the collision was caused by reason of plaintiff's contributory negligence in the following particulars:

"1. He failed to keep a proper lookout for vehicular traffic upon and along Southeast Stark Street, and particularly for the automobile which the defendants were then and there operating.

"2. He operated his automobile at an excessive rate of speed under the conditions and circumstances then and there attending.

"3. He failed to keep his automobile under proper or any control.

"4. He failed to stop, swerve or do other act

to avoid colliding with the automobile defendants were then and there operating.

"5. He failed to yield the right of way to the automobile which defendants were then and there operating."

By his reply, plaintiff denied all the acts of negligence charged against him.

There was a sharp dispute in the testimony as to whether defendant gave a proper signal before making the left turn, also as to the position of the two vehicles upon the highway when the left turn was commenced and as to the speed of plaintiff's automobile. It is unnecessary for us to discuss this testimony, as the disputes between the parties have been resloved by the verdict of the jury.

Upon this appeal, plaintiff sets forth seven assignments of error. Two of those assignments relate to objections made to the introduction of certain testimony. Four are directed to instructions given or refused. One, No. VII, is general in character and challenges the sufficiency of the evidence to justify a verdict for defendants.

Under assignment of error No. I, plaintiff charges that the trial court "erred in overruling plaintiff's objection to the admission of testimony * * * concerning the type or class of district along the highway east of S. E. 117th Avenue, which the plaintiff had not traveled over or reached, and in preventing plaintiff's attorney from setting forth in full the objection to said testimony."

The testimony objected to described conditions on both sides of S. E. Stark street immediately east of S. E. 117th avenue (i.e., immediately east of the inter-

section involved in this case) as to merchandise stores and other places of business. Immediately west of the intersection it was open country for at least two blocks. In passing upon plaintiff's objection to this line of testimony, the Court said:

"Well, I assume he is trying to show conditions in order to indicate what type of district this was. Is that the purpose?

"MR. BIGGS: Well, certainly, your Honor.

"(Argument)

"THE COURT: Just a moment. You made your objection and I will permit the examination to proceed for the purpose of showing the condition of the location in order to show what type or character of district existed at that place because that would have a bearing on the indicated speed."

We do not understand what plaintiff has in mind in the statement that the court erred "in preventing plaintiff's attorneys from setting forth in full the objection to said testimony." The objection made was sufficient for all of plaintiff's purposes on this appeal. Moreover, the record does not disclose any such action on the part of the trial court. There is no merit whatever in that portion of the assignment of error.

The court did not err in overruling plaintiff's objection. The testimony was material and admissible, not only as it might relate to designated speed, as stated by the court, but also as describing the existing conditions at and near the scene of the accident which were relevant to the application of the basic rule as to speed.

Under the statutes of this state (with certain exceptions not material in this case) there are no "speed limits", as such, traveling in excess of which will, in

and of itself, constitute a violation of law. Speed of motor vehicles is regulated entirely by the provisions of the basic rule. "Designated speeds" for certain districts are not "speed limits". The statute that provides for certain "designated speeds" merely sets forth a rule of evidence. Whenever the question of speed of a motor vehicle is involved, the ultimate fact to be determined is whether the basic rule has been violated, not whether the vehicle traveled in excess of the designated speed. Section 115-320(a), OCLA, as amended by ch 458, Oregon Laws 1941, in part provides as follows:

"No person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, having due regard to the traffic, surface and width of the highway *and the hazard at intersections and any other conditions then existing.*

"Nor shall any person drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and with the duty of drivers and other persons using the highway to exercise due care * * *." (Italics ours.)

That is the "basic rule" as to speed. Under the facts of this case, we are concerned only with the first paragraph thereof. Subdivision (b) of § 115-320, OCLA, as amended by ch 458, Oregon Laws 1941, provides for "designated speeds" in certain districts as defined in the statute: 20 miles per hour in passing school buildings, etc., in approaching a railroad grade crossing, etc., "in any business district", in approaching a highway intersection where the driver's view is obstructed; 25 miles per hour in any residence district and in pub-

lic parks; and 55 miles per hour in other locations. The statute also provides:

> "Any person who drives a vehicle upon a highway at a speed in excess of that designated by this act * * * *and who, while so driving, violates the basic rule* * * * shall, upon conviction, be punished * * * provided, that any speed in excess of said designated speeds *shall be prima facie evidence of a violation of subsection (a) of this section.*" (Italics ours.)

The evidence discloses that the district immediately adjacent to and east of the intersection of S. E. Stark street and S. E. 117th avenue is a "business district" within the meaning of the statute; the territory immediately west of the intersection is not. Plaintiff would not have been traveling in a business district until he had crossed the intersection; and, therefore, in approaching the intersection, he was in no sense governed by the "designated speed" for a business district. However, the speed of his vehicle was governed by the basic rule which takes into consideration "the traffic, surface and width of the highway and the hazard at intersections *and any other conditions then existing.*" (Italics ours.) Among those conditions were the near approach to a business district, an intersection and the oncoming vehicle of defendants traveling at a comparatively slow rate of speed and near the center line of the highway, from which a left turn is made.

Plaintiff did not request the court to instruct the jury as to "designated speeds", nor did he take an exception to the failure of the court so to instruct. In the absence of a request for an instruction upon "designated speeds", the trial court is not required to give the same. As was said in *Senkirik v. Royce et al.,* 192

Or 583, 593, 235 P2d 886: "In all cases where applicable the court may and, if requested, should instruct the jury respecting indicated speeds in accordance with the provisions of the statute and, in so doing, should also explain what is meant by prima facie evidence. * * *"

■■ As his assignment of error No. II, plaintiff alleges: "The court erred in failing to define the meaning of 'proximate cause'."

Plaintiff requested no such instruction, nor did he save an exception to the failure of the court to define "proximate cause"; hence, that question is not properly before us. However, the record does disclose that although the court did not specifically define "proximate cause", nevertheless, in its several instuctions to the jury, it did in a general way point out what was required to establish "proximate cause". But, we point out, it is best in every case of this type for the court to define the term specifically, even though no request therefor is made. That the court did not so define the term in this case was clearly due to inadvertence; and had the matter been called to its attention before the jury retired for deliberations, there is no doubt but that the instruction would have been given.

■■ Under assignment of error No. III, plaintiff contends: "The court erred in that it gave to the jury an instruction covering part of the basic rule as defined by the statute without covering that portion designating the speed for the various districts."

In its instructions upon the basic rule, the court simply covered the first paragraph thereof as set forth above. Under the facts of this case, and in the absence of a request for a more comprehensive instruc-

tion, that was sufficient. Furthermore, plaintiff did not save an exception to the alleged failure of the court to instruct fully upon the basic rule and "designated speeds". This assignment of error is without merit.

Assignment of Error No. IV is directed to the alleged failure of the court to give to the jury plaintiff's requested instructions Nos. I, IV, V, VI, VII, VIII and IX, "and giving in lieu thereof modified instructions including issues not covered by the evidence and changing the language of the statutory requirements of drivers as covered by the Motor Vehicles Laws of Oregon."

Plaintiff's requested instruction No. I is as follows:

"If you find that the defendants entered the intersection of S. E. 117th Avenue with S. E. Stark Street about to make a left hand turn at a time when the plaintiff was in said intersection or so close thereto as to constitute an immediate hazard, and if you find that the plaintiff was traveling within the speed limits in effect at said intersection, then and in that case the plaintiff had the right of way; *and, if the defendants turned to the left without so yielding said right of way as to permit the plaintiff to pass the defendants would be guilty of negligence which would entitle the plaintiff to recover in this action.*" (Italics ours.)

The vice in the requested instruction lies principally in its conclusion as follows, "which would entitle the plaintiff to recover in this action." The request omits entirely mentioning "freedom from contributory negligence" on the part of plaintiff or "proximate cause", both of which are essential to plaintiff's right of recovery. A hypothetical instruction, though not necessarily objectionable but which concludes with a direction to the jury to find a verdict in favor of one party

against the other, must include every substantial issue in the case. *Gwin v. Crawford,* 164 Or 215, 223, 100 P2d 1012; *Ceccacci v. Garre,* 158 Or 466, 475, 76 P2d 283.

Assuming that the jury found that plaintiff had the right of way under the facts at the time and place in question, that fact, in and of itself, does not entitle him to a verdict. We have repeatedly held that a right of way is not absolute and that having the right of way does not relieve one from the duty of using due care in the exercise of such right. *Senkirik v. Royce et al.,* supra. The requested instruction was incomplete, and it would have been error for the court to give it. It is a well-recognized rule of law that the trial court may properly refuse a requested charge which is incomplete or argumentative or which might prove misleading or confusing to the jury. *Denton v. Arnstein,* 197 Or 28, 250 P2d 407, 417.

Plaintiff's requested instructions Nos. IV, VII, VIII and IX contain the same vices noted as to his requested instruction No. I. All were improper instructions, and the court did not err in its refusal to give the same.

11–13. Plaintiff's requested instructions Nos. V and VI are as follows:

"V

"The driver of any vehicle upon a highway before turning from a direct line shall first see that such movement can be made in safety, and whenever any other vehicle may be affected in its operation by such movement the driver turning from such direct line shall give a signal visible to the driver of such other vehicle of his intention to make such movement. Whenever the signal is given by the hand and arm for a left hand turn the driver shall give his intention so to turn by extending his

hand [and] arm horizontally from and beyond the left side of the vehicle. The signal required before turning whether given by the hand and arm or by an approved mechanical or electrical device shall be given continuously during the last fifty feet traveled by the vehicle before turning.

"VI

"The driver of a vehicle within an intersection intending to turn to the left shall yield to the first vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."

An examination of the record discloses that the trial court fully and correctly instructed the jury upon the subject matter contained in plaintiff's requested instruction No. V. As to plaintiff's requested instruction No. VI, the record shows that the court instructed the jury:

"* * * I instruct you that the laws of Oregon provide, 'The driver of a vehicle within an intersection intending to turn to the left shall yield to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver [having] so yielded and having given a signal'—which I will describe in my instructions —'may make such left turn and *the other vehicle* approaching the intersection from the opposite direction shall yield to the driver making the left turn.' " (Italics ours.)

Section 115-337(c), OCLA, provides:

"* * * The driver of a vehicle within an intersection intending to turn to the left shall yield *to any vehicle* approaching from the opposite direction which is *within the intersection* or so close thereto as to constitute an immediate hazard, but said driver having so yielded and having given a signal when and as required by law may make such

left turn, and other vehicles approaching the intersection from said opposite direction shall yield to the driver making the left turn." (Italics ours.)

Plaintiff took no exception to the instruction as given by the court, nor to any portion thereof. The instruction covered not only the matter contained in plaintiff's requested instruction No. VI but also the remainder of the statute. There was no issue in the case as to "the other vehicle" or "other vehicles" approaching from the opposite direction except plaintiff's vehicle. Defendants contended that when they entered the intersection and commenced to make their left turn, plaintff's automobile was not then within the intersection or so close thereto as to constitute an immediate hazard and that they, therefore, had the right to make the turn without pausing. If so, under the provisions of the last clause of the statute, it was plaintiff's duty to yield the right of way to defendants. Plaintiff contended otherwise. The issue of the right of way at the intersection arose only as between plaintiff and defendants; no other persons or vehicles were involved. As applied to the facts in this case, the court's instruction was correct. Upon this appeal, plaintiff's principal contention is that the court erred in using the term "other vehicle" instead of "other vehicles". In his brief he says:

"The word 'yield' as used in Section 115-337(c) requires the party making the left hand turn to allow the first car to pass through ahead of the vehicle making a left hand turn. 'Other vehicles approaching intersection from said opposite direction' refers specifically to the vehicles which follow the first car."

In using the term "other vehicles" in the statute, the legislature clearly intended the singular as well

as the plural of the term "vehicle", depending entirely upon the circumstances of each case.

Besides, it is noted that plaintiff's requested instruction is not in the exact words of the statute. His request reads, "shall yield *to the first vehicle* approaching from the opposite direction". (Italics ours.) That is not what the statute says. It contains the words, "shall yield *to any vehicle* approaching from the opposite direction." (Italics ours.) There is a difference in the meaning of the statutory provision and the substitute therefor contained in plaintiff's request. It is manifest that it would have been error for the court to have given the instruction as requested.

 There is no merit in plaintiff's Assignment of Error No. V. It is directed to one of the instructions which the court gave the jury. Plaintiff took no exception thereto and, hence, the matter is not properly before us. No useful purpose will be served in quoting the instruction. Suffice it to say, the instruction correctly stated the law.

 Assignment of Error No. VI is directed to an evidentiary matter. The statute of this state respecting left turns at intersections (§ 115-337 (c), OCLA) contemplates that such turn shall not be commenced until the vehicle is within an intersection. Section 115-334(b), OCLA, as amended by ch 428, Oregon Laws 1941, provides:

"Approach for a left turn shall be made in the lane for traffic to the right of and nearest to the center line of the highway and the left turn shall be made by passing to the right of such center line where it enters the intersection, and upon leaving the intersection by passing to the right of the center line of the highway then entered * * *."

Plaintiff offered testimony to the effect that defendants, in making their left turn, "started diagonally" across S. E. Stark street at a point at least ten feet east of the intersection. Such a turn before entering the intersection would constitute a violation of the above statutes. Defendants objected to the testimony and moved that it be stricken upon the ground that such a violation of the statutes had not been pleaded as a specification of negligence in the complaint. The court sustained the objection to the testimony for the purpose of showing or tending to show such a violation of the law but permitted it to stand to the extent that it might be applicable to any of the acts of negligence charged in the complaint.

The court did not err in its ruling. It is elementary that evidence is inadmissible that does not prove nor tend to prove an act of negligence specifically charged. Where evidence is competent for one purpose but incompetent for another, it should be admitted for, but limited to, the purpose for which it is competent. The testimony to which objection was made was competent and admissible for the purpose of establishing or tending to establish the acts of negligence charged, and for that purpose was admitted by the court; but it was wholly incompetent and inadmissible for the purpose of establishing or attempting to establish some other independent act of negligence not charged. For such a purpose it was properly rejected.

Plaintiff's seventh and last assignment of error challenges the sufficiency of the evidence to sustain a verdict in favor of defendants. It is doubtful that this question is properly before us; but assuming that it is, in its consideration we must view the evidence in the light most favorable to defendants. We

have carefully reviewed the entire record and conclude that there is an abundance of competent and substantial evidence to support the jury's verdict. We do not feel it necessary to state that evidence in detail.

We are satisfied that plaintiff had a fair and impartial trial according to the facts and the law.

The judgment is affirmed.