Argued May 23, affirmed July 8, petition for review
denied September 24, 1974

STATE OF OREGON, *Respondent, v.*
SKILLFUL DAVIS (No. C 73-07-2323 Cr), *Appellant.*

523 P2d 1283

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Scott McAlister, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Defendant was indicted and convicted upon jury

trial of first degree burglary. ORS 164.225. He assigns as error the trial court's refusal to give a requested instruction on a lesser included offense of criminal trespass in the second degree. ORS 164.245.

Defendant was apprehended by a police officer after he was observed jumping over a fence behind a Portland residence into a back alley. On investigation, the officer discovered a screen near the back door had been removed, the dwelling entered, and two watches and a ring were missing from within the house. One piece of the missing jewelry was found in the yard of an adjacent, vacant house. The defendant's fingerprints were found on the aluminum strip bordering the lower part of the removed screen. Defendant testified that he was in the neighborhood looking for a house to rent, that he jumped the fence, and, after eating some berries, approached the house to inquire as to the ownership of the vacant house next door. While waiting for someone to answer his knock, he leaned against the house in order to "fix" his shoe. He jumped back over the fence when he received no response to his knock. He testified that he did not enter the residence.

On appeal defendant assigns as error the court's failure to give the following lesser included offense instruction:

"ORS 164.245. Criminal trespass in the second degree. (1) A person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises."

The trial court correctly refused to give the instruction because the requested instruction on the supposed lesser included offense was inadequate and incomplete.

A lay jury given the above instruction and

nothing more could hardly be expected to understand the relevance of the crime of criminal trespass, or what effect it should have on its deliberations. If we assume that jurors are not lawyers and, even if lawyers, not versed in criminal law, then the instruction requested, if given in the form requested, would have been nothing more than a confusing abstraction.

"* * * It is a well-recognized rule of law that the trial court may properly refuse a requested charge which is incomplete or * * * might prove misleading or confusing to the jury * * *." *Rauw v. Huling and Sparks,* 199 Or 48, 60, 259 P2d 99 (1953).

"* * * A requested instruction is always properly refused, unless it ought to have been given in the very terms in which it was proposed * * *." *State v. Quartier,* 118 Or 637, 639-40, 247 P 783 (1926). *See also, State v. Brazeal,* 247 Or 611, 431 P2d 840 (1967); *State v. Evans,* 1 Or App 282, 460 P2d 1021 (1969); *State v. Stoneberg,* 15 Or App 601, 517 P2d 333 (1973).

The state also argues that under the facts of this case second degree trespass was not a lesser included offense as that term is defined by ORS 136.465.[1] In view of our holding above it is unnecessary to reach this issue.

Affirmed.

---

[1] "In all cases, the defendant may be found guilty of any crime the commission of which is *necessarily included in that with which he is charged in the accusatory instrument* * * *." (Emphasis supplied.) ORS 136.465.