Argued October 23, affirmed December 8, 1975, reconsideration
denied January 14, petition for review denied February 10, 1976

STATE OF OREGON, *Respondent, v.* CHARLES
J. FITCH (No. C 74-12-3797 Cr, CA 4621),
*Appellant.*
543 P2d 20

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

FOLEY, J.

Defendant appeals from a jury conviction of first degree burglary, ORS 164.225, on the grounds that the trial court improperly refused to give a requested instruction on the lesser included offense of criminal trespass in the second degree, ORS 164.245.

Defendant was apprehended by the owners of a television set and several other items when they returned to their residence and saw him in possession of their property. The defendant was pursued for several blocks by one of the owners who testified that the defendant had difficulty talking and appeared intoxicated. The police officer making the arrest also testified that defendant smelled of alcohol.

Defendant offered testimony at trial tending to show that he had consumed a large amount of beer at a nearby tavern prior to his arrest. He testified that he did not know when he left the tavern or how he got into the victims' house.

It is undisputed that the evidence introduced by defendant with respect to his state of intoxication would have warranted a jury instruction on the lesser included offense of criminal trespass in the second degree inasmuch as the jury could have found that he did not have the requisite intent to steal. *State v. Atkins,* 269 Or 481, 525 P2d 1018 (1974). The question for determination is whether the trial court properly refused the particular instruction on criminal trespass requested by the defendant.

In pertinent part defendant's requested instruction read as follows:

"I instruct that if you find the defendant not guilty of Burglary in the First Degree you may also consider the lesser included offense of criminal trespass in the first degree. With regard to

this lesser included offense, the State still has, of course, the burden of proving each and every material element of the offense beyond a reasonable doubt. I instruct you that the elements of the crime of criminal trespass in the first degree are the following:

"One, that the defendant intentionally and unlawfully entered a building * * *.

"* * * * * *

"If the State fails to prove any one or several of the elements of the lesser included offense of criminal trespass in the first degree beyond a reasonable doubt, then you are required to return with a verdict of not guilty."[1]

The state contends that the trial court correctly refused to give the requested instruction because it was inadequate and incomplete. We agree.

ORS 164.255(1) defines criminal trespass in the first degree as follows:

"A person commits the crime of criminal trespass in the first degree if he enters or remains unlawfully in a dwelling."

Since the statute does not prescribe the specific culpable mental state necessary for commission of the crime, it is expressly subject to the provisions of ORS 161.115(2):

"Except as provided in ORS 161.105, if a stat-

---

[1] Defendant also took exception to the trial court's refusal to give the following companion instruction to the principal instruction on criminal trespass:

"I further instruct you that if you are convinced beyond a reasonable doubt that the State has proved that the defendant is guilty of either burglary in the first degree, or criminal trespass in the first degree, but you have a reasonable doubt as to the appropriate offense, then you must return with a verdict of not guilty as to the charge of burglary in the first degree and you may only consider a verdict of guilty to the lesser included charge of criminal trespass in the first degree."

490

ute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."[2]

Hence, a person commits the crime of criminal trespass in the first degree if he "intentionally, knowingly, recklessly or with criminal negligence" "enters or remains unlawfully in a dwelling." That ORS 161.115(2) was intended to prescribe the culpable mental states when the statute defining a crime fails to do so is clear from the Commentary of the drafters of the provisions:

"The article will do away with the problem

[2] The culpable mental states are defined in ORS 161.085 as follows:

"* * * * *

"(7) 'Intentionally' or 'with intent,' when used with respect to a result or to conduct described by a statute defining an offense, means that a person acts with a conscious objective to cause the result or to engage in the conduct so described.

"(8) 'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that his conduct is of a nature so described or that a circumstance so described exists.

"(9) 'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the results will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

"(10) 'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

that now often arises when a statute defining a crime fails to prescribe a required culpable state of mind. In that case, it requires that intention, knowledge, recklessness or criminal negligence shall have existed in order to find the defendant guilty, except in cases of violations * * *." Commentary, Proposed Oregon Criminal Code 11, Art 2, §§ 7-11 (1970).

"* * * It is a well-recognized rule of law that the trial court may properly refuse a requested charge which is incomplete or * * * might prove misleading or confusing to the jury. * * *" *Rauw v. Huling and Sparks,* 199 Or 48, 60, 259 P2d 99 (1953).

*See also State v. Quartier,* 118 Or 637, 247 P 783 (1926); *State v. Davis,* 18 Or App 125, 523 P2d 1283, Sup Ct *review denied* (1974). Here, the defendant's requested instruction was incomplete as to the culpable mental states which could have subjected him to liability for criminal trespass.

The instruction was inadequate and incomplete because it would have allowed the jury to convict the defendant for criminal trespass only if he "intentionally" entered a dwelling. Under the instruction, a jury could find that the defendant possessed one of the additional mental states prescribed in ORS 161.-115(2) and yet acquit the defendant because he did not intentionally enter the house. In particular, the mental states of "knowingly" and "with criminal negligence" denote less volition and culpability on the part of the actor than is the case with an intentional act.

Under the applicable definitions of mental states prescribed by ORS 161.085, a person acts intentionally if he possesses "a conscious objective to cause the result or to engage in the conduct" while he need only act with "an awareness [of] his conduct" to

knowingly act or merely not "be aware of a substantial and unjustifiable risk" that a particular result will ensue to act with criminal negligence. In order to qualify as a proper instruction on the law regarding criminal trespass in the first degree, it would have been necessary that defendant's instruction include statements explaining these lesser culpable mental states.[9]

Affirmed.

---

[9] After defendant's requested instruction had been refused, counsel for defendant orally requested "an instruction on trespass omitting the phrase 'intentionally,' and instructing in the statutory language of the crime of trespass in the first degree." However, an instruction in the statutory language of criminal trespass would likewise have been inadequate and the trial court therefore properly refused to give it. State v. Davis, 18 Or App 125, 523 P2d 1283, Sup Ct *review denied* (1974); *see also* State v. Quartier, 118 Or 637, 247 P 783 (1926). In State v. Davis, supra, we said that:

"A lay jury given [an] * * * instruction [in the statutory language of criminal trespass] and nothing more could hardly be expected to understand the relevance of the crime of criminal trespass, or what effect it should have on its deliberations. If we assume that jurors are not lawyers and, even if lawyers, not versed in criminal law, then the instruction requested, if given in the form requested, would have been nothing more than a confusing abstraction." 18 Or App at 126-27.