## LONG AND SPAUR *v.* LANDER.

ATTORNEYS—OPENING STATEMENT TO JURY.—A party may, in the opening statement of his case, designate briefly the particular facts he expects to prove, and the evidence he intends to offer for that purpose; but it is the province of the court to prevent any abuse of this privilege.

DECLARATIONS AS TO TITLE.—Evidence tending to prove a motive for falsehood in making declarations in disparagement of title, is admissible to impeach the credit otherwise due them, as being against the declarant's interest.

WITNESSES— CROSS-EXAMINATION.—It is in the discretion of the court to permit a party to interrogate a witness during cross-examination, as to matters not connected with his direct examination, but relevant to the issue, subject to the same rules as on examination in chief.

HUSBAND AND WIFE—INCOMPETENCY TO TESTIFY.—Neither husband nor wife can be examined as a witness for or against the other, during the marriage or afterwards, without the other's consent, as to any communication made by one to the other during marriage; and the failure of the attorney to make a suitable objection, will not, where such consent is wanting, render the witness competent. But, upon appeal from a judgment in an action at law, it will be presumed, in support of the judgment, that such consent was given, where the record does not show the contrary.

APPEAL from Douglas County. The facts are stated in the opinion.

*William R. Willis*, for appellant.

*Herman & Ball*, for respondent.

By the Court, WATSON, J.:

The appellants, claiming title to the land in dispute as heirs of their brother Daniel Carland, Jr., deceased, brought this action to recover the possession of the same against the respondent, who deraigned title under an execution sale

thereof, as the property of Daniel Carland, Sr. The only material issue submitted to the jury was whether a deed executed by Charles Brady for the premises to "Daniel Carland" was intended for the son or father, both being alive when the deed was executed, and bearing the same name.

The jury found for the respondent, and judgment was rendered accordingly. The bill of exceptions shows that respondent's counsel, in making his opening statement in the court below, took occasion to detail the evidence which would be offered by the defense, and the facts it would prove; to which course appellants objected, and their objection being overruled, took an exception. They claim here that this was error as sanctioning an abuse of the privilege conferred by subd. 1, sec. 194, of the civil code, which provides: "The plaintiff shall state briefly his cause of action and the issue to be tried; the defendant shall then in like manner state his defense and counter claim." According to appellants' theory, parties must be confined, in their opening statements, to the general allegations and issues in the pleadings, and not to be permitted to specify the particular facts upon which they rely to establish such allegations, and to which they design to direct their proofs. But such has never been the practice, and cannot be the law.

The manifest object of such statements is to enable each party to direct the attention of the court and jury to the particular facts which he proposes to establish by evidence in support of the general allegations in his pleadings, and to designate the application of the evidence intended to be introduced, to its appropriate issue. Each party does, in this manner, "state briefly his cause of action or defense," as it lies in his proofs, in which form it must be presented to the consideration of the jury. By this means, the jury

are assisted in receiving and weighing the evidence upon each particular issue, and the adversary party is protected against surprise. It is possible that this privilege may sometimes be abused, and matters presented to the jury which the party making the statement either cannot prove, or would have no right to prove, to the substantial injury of the opposite party. But it is the duty of the circuit courts to prevent such abuses, and their power to do so is ample. And every legal presumption will be indulged in here, that such duty has been faithfully discharged. But the record here does not show that the opening statement of respondent's counsel embraced anything which might not properly be stated, and the court below did not err in overruling appellants' objection thereto.

The next exception taken by appellants was to the ruling of the circuit court allowing the respondent to ask J. M. Arrington, a witness introduced by them, the following question, upon his cross-examination: "State what you know of old man Carland conveying his property to young Dan Carland." The ground of appellants' objection to the allowance of this question was, that it was immaterial, irrelevant and not in response to the direct examination. Arrington had testified on his direct examination, that he was an intimate acquaintance of both Carlands, and was frequently at their house. That he saw young Carland give Charles Brady a horse, saddle and bridle which he himself had traded to young Carland as a payment on the purchase of the land in dispute; and both before and after this transaction, had heard the elder Carland speak of the land as belonging to the younger Carland. The bill of exceptions states that this and some other evidence of the same character was admitted to show a motive in the elder Carland for making these declarations, to cover up and conceal his prop-

erty from his creditors, and for no other purpose.   In answer to the question, the witness stated that about a year after Brady sold the land in dispute, he (witness) drew up some conveyances of land from the elder Carland to the younger, and the former said that Hemeberg was trying to cheat him and collect a debt that had been paid before.

We think this evidence was material and relevant to explain the declarations attributed to the elder Carland, and to enable the jury to determine what measure of credit should be given them.   It tended to show a motive for a false statement in respect to the ownership of the land, which, in the absence of any such circumstances, would have appeared to have been against his interest, and therefore entitled to great consideration.   The objection that the question was inadmissible on cross-examination, if well taken, will not support the exception.   By interrogating the witness as to matters not connected with any facts stated in his direct examination, the respondent made him his own witness, and was subject to the same rules which governed the examination in chief; and it was discretionary with the circuit court whether the testimony should be introduced then, or at a subsequent stage of the trial.   Our statute plainly contemplates this course.   Sec. 827 of the civil code provides: " The adverse party may cross-examine the witness as to any matter stated in his direct examination or connected therewith, and in so doing may put leading questions, but if he examine him as to other matters, such examination is to be subject to the same rules as a direct examination."   (*Commonwealth* v. *Eastman and others*, 1 Cush., 217.)

The testimony of L. F. Mosher, and the records from the U. S. Land Office, produced and identified by the witness J. C. Fullerton, were introduced by respondent for the same

purpose as the testimony of the witness Arrington, in reference to the sale of property from the elder to the younger Carland, and were admissible on the same ground. The last exception to be considered was taken to the ruling of the court below admitting, over the objection of appellants, the testimony of Samuel Fuller, on behalf of the respondent. The respondent called Fuller as a witness, and asked him this question: "State what Mrs. E. J. Long told you that Daniel Carland, Jr., told her in regard to this land." Appellants objected, the objection was overruled and they excepted. The witness answered, "Mrs. E. J. Long, then Mrs. Fuller, my wife, told me, in the year 1863, that Dan. Carland, Jr., told her that Hemeberg had sold all of his father's (Daniel Carland, Sr.) property; that he had even sold the land that he (Dan. Carland, Sr.) had bought of Brady." It does not appear from the bill of exceptions, whether Mrs. Long, one of the appellants, was present at the trial or was examined as a witness in her own behalf, or consented that Fuller, her former husband, might be examined as a witness against her. Passing over the suggestion of respondent's counsel, that the objection was too general to form the basis of an exception, if the testimony was relevant in any view, and assuming that it would not have been competent, even if no objection had been interposed without Mrs. Long's consenting to its introduction, we are brought to the consideration of the presumption which is to govern in this state of the record. And we regard the rule to be well settled in this court, that the presumption in favor of the correctness of the ruling in the court below, must prevail under such circumstances. We must presume, in support of that ruling, however the fact may have been, that the witness was rendered competent, either by her own examination as a witness in her own behalf, which would have

been equivalent to her consent, under sec. 703 of the civil code, or by her actual consent, express or implied, although not appearing by the record to have been given. The record does not show, at any rate, that her consent was not given, and we must, in favor of the validity of the ruling below, presume that it was given in some of the modes indicated.

This view is not in conflict with the doctrine laid down in *Hubble* v. *Grant*, 39 Mich., 641. There the entire record was before the supreme court of Michigan on an appeal from a decree in a suit in equity. The case was there for trial *de aovo*, and the court held that as the wife's consent to the examination of her husband as a witness against herself in the case, did not appear to have been given, his testimony was incompetent and inadmissible, although her counsel had not objected to it when it was offered.

As to the further objection, that the admission of Mrs. Long, although a party to the record, was incompetent to prove the alleged declaration of Daniel Carland, Jr., deceased, we are satisfied that it cannot be sustained. The fact to be proved was that he made such declaration, and we perceive no reason for holding that her admission that he did make it, should not be received as evidence against her. (Greenleaf on Ev., sec. 189; *Edgar* v. *Richardson*, 33 Ohio, St., 581; 2 Wharton Ev., secs. 1075–1077, and notes.)

The conclusion we have reached, upon a consideration of all the points presented by appellants is, that there was no error, and the judgment must be affirmed.

Judgment affirmed.