Argued December 2, affirmed December 30, 1925, rehearing denied February 2, 1926.

## STATE v. EARLE B. PATTERSON.

### (241 Pac. 977.)

Criminal Law—Defendant Entitled to have His Theory of Case Presented to Jury if Well-grounded in Law.

1.  A defendant is entitled to have his theory of the case presented to the jury with appropriate instructions, but it must be one which is well-grounded in law, if true.

Criminal Law — Within Discretion of Trial Judge to Control and Supervise Presentation of Case in Opening Statement to Prevent Abuse of Privilege.

2.  While great liberality is allowed in presenting a case to the jury in opening, it is within the discretion of trial court to prevent party from abusing privilege and presenting matter which he cannot prove, or would have no right to prove, to the injury of opposing party.

Criminal Law—Threats of Future Prosecution for Prior Larceny not Sufficient Compulsion to Exonerate Defendant from Charge of Embezzlement.

3.  Where defendant had embezzled funds, threats of prosecution by one who knew of such offense was not sufficient compulsion or coercion to exonerate defendant from prosecution for subsequent embezzlement committed under such compulsion.

---

Criminal Law, 16 C. J., p. 91, n. 72.
Embezzlement, 20 C. J., p. 491, n. 97.
Trial, 38 Cyc., p. 1475, n. 12.

From Multnomah: LOUIS P. HEWITT, Judge.

Department 1.

AFFIRMED.  REHEARING DENIED.

For appellant there was a brief over the name of *Mr. B. F. Mulkey,* with an oral argument by *Mr. Thomas A. Hayes.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with an oral argument by *Mr. Samuel H. Pierce,* Deputy District Attorney.

BURNETT, J.—The defendant was indicted and brought to trial on a charge of larceny by embezzlement. It seems from the bill of exceptions that he was at one time in the employment of the Hartman & Thompson Bank, and there, without authority, gave the money of that concern to an individual who failed to repay the same. To cover his default in the matter, the defendant borrowed money from one Osler to the extent of $3,500 with which he made good his shortage. He then took employment with another bank. In time, Osler, knowing of his former shortcomings, applied to the defendant for money to be paid him out of the funds of the second bank, accompanying his demands with threats of exposure of the defendant's former offense. Complying with Osler's request from time to time, he accumulated a shortage of upwards of $34,000, which resulted in his indictment as stated.

1, 2. The only question in the case, submitted in various forms, is the refusal of the trial court to sustain his theory that the fear of prosecution and exposure for his defalcation with the Hartman & Thompson Bank was sufficient to exonerate him from a criminal intent and so work out his acquittal. The question arose first in objections to the narration of his counsel in stating the case to the jury. It is true that a defendant is entitled to have his theory of the

case presented to the jury, with appropriate instructions, but it must be one which is well grounded in law if true. While great liberality is allowed in presenting a case to the jury in opening, yet, as stated in *Long* v. *Lander,* 10 Or. 175, cited by the defendant,

"It is possible that this privilege may sometimes be abused, and matters presented to the jury which the party making the statement either cannot prove, or would have no right to prove, to the substantial injury of the opposite party. But it is the duty of the circuit courts to prevent such abuses, and their power to do so is ample."

In *Scott* v. *Commonwealth,* 9 Ky. App. 835, also cited by the defendant, the court said:

"Such questions must be left, unless it is a palpable abuse of discretion, to the control of the court trying the case."

Another reference in the defendant's brief is to *People* v. *Smith,* 177 Mich. 358 (141 N. W. 12), where the court said:

"The right and duty of the trial court in the exercise of a sound discretion to supervise and control statements of counsel is not questioned."

See, also, *Meyer* v. *State* (Tex. Cr. App.), 41 S. W. 632; *State* v. *Ramsey,* 82 Mo. 133, and *State* v. *Westlake,* 159 Mo. 669 (61 S. W. 243).

3. The sole question, however submitted, is whether the fear of prosecution for a former offense is a sufficient compulsion upon the defendant, when threatened with it, to exonerate him from prosecution of the offense with which he is charged. The rule is thus succinctly stated in 16 C. J. 91:

"An act which would otherwise constitute a crime may also be excused on the ground that it was done under compulsion or duress. The compulsion which

will excuse a criminal act, however, must be present, imminent, and impending, and of such a nature as to induce a well grounded apprehension of death or serious bodily harm if the act is not done. A threat of future injury is not enough. Such compulsion must have arisen without the negligence or fault of the person who insists upon it as a defense."

The 'defendant himself related in his testimony all about his embezzlement of the funds of the bank in which he was first employed, and about the use that Osler made of his knowledge of that fact in inducing him to divert the money of the second bank to the use of Osler. Hence arose his assignment of error, among other things, that the court used this language in instructing the jury:

"I instruct you that there is no evidence in this case that the defendant was under such coercion as would constitute a defense to the crime charged."

The statements of the defendant alluded to respecting Osler's threats to accuse him of crime is the only evidence relied upon to show coercion. The Circuit Court was right in the instruction just quoted.

The situation had its origin in the defendant's own voluntary shortcoming. He himself was the controlling and indispensable factor in the matter. He himself began the digression from the path of rectitude. Without his act the situation which he claims was compulsory would not have occurred. A custodian of another's money might be justified as against criminal prosecution in surrendering the money to a robber who was about to kill him unless he yielded, but no mere intimation or threat of future prosecution for larceny is admissible to show that degree of coercion which will excuse the commission of a crime. The theory of the defendant is tantamount to saying that if a man steals enough to make him afraid of

prosecution he should be excused. If the question were between Osler and the defendant in a civil case on an issue of whether or not the money he paid to the former was a gift or a loan, it might be competent to introduce the threats of prosecution to rebut the contention of Osler that the money was a gift, but that is not the rule in criminal prosecutions.

The judgment is affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and COSHOW and RAND, JJ., concur.