Argued July 9, affirmed July 13, 1926.

## STATE *v.* WILLIAM QUARTIER.

(247 Pac. 783.)

**Criminal Law.**

1. Testimony of officers as to what they saw and heard while looking through window into room should not be disregarded as matter of law because defendant's evidence showed that one thus situated could not hear or see what was said or done inside.

**Criminal Law—Instruction That Test of Sufficiency of Circumstantial Evidence is Whether Circumstances Preclude any Reasonable Theory of Innocence Held Improper, Where State's Evidence Consisted of Both Direct and Circumstantial Evidence.**

2. Requested instruction that test of sufficiency of circumstantial evidence is whether circumstances may be explained on any reasonable hypothesis consistent with innocence *held* improper, where state's evidence consisted of both direct and circumstantial evidence, since its effect was to instruct to disregard direct evidence.

2. See 8 R. C. L. 225.

**Criminal Law.**

3. Requested instruction is properly refused, unless it ought to have been given in very terms in which it was proposed.

**Criminal Law—Instruction That Testimony of Persons Employed to Find Evidence Against Accused Should be Weighed With Greater Care Than That of Other Witnesses Held Improper.**

4. Requested instruction that testimony of persons interested in, or employed to find evidence against, accused should be weighed with greater care than that of other witnesses, because of their tendency to construe everything against him, and disregard everything in his favor, *held* improper, where officers of law had testified for state, such question being matter of argument before jury.

**Criminal Law.**

5. Instruction that jury may consider defendant's interest in result of case in weighing his evidence *held* proper.

Criminal Law, 16 **C. J.**, p. 1021, n. 41, p. 1066, n. 89, p. 1067, n. 97.

From Polk: W. M. RAMSEY, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. C. A. Swope.*

For respondent there was a brief and oral argument by *Mr. W. W. Harcombe.*

RAND, J.—1. The defendant was tried and convicted of the crime of selling intoxicating liquor in violation of the state prohibition law, and appeals from the judgment and sentence imposed. There are but three grounds of error assigned. The first is based upon the fact that two of the state's witnesses who were at the time acting as law enforcement officers testified to what they claim to have seen and heard the defendant say and do while they were looking through a window into a room where the

---

3. See 14 **R. C. L.** 800.
5. See 28 **R. C. L.** 661.

alleged sale was made. Some evidence was offered upon the part of the defendant, tending to show that a person thus situated, could not have heard or seen what was said or done in the room. Because of this latter testimony, defendant contends that the direct testimony of these two witnesses should be entirely disregarded, and the case treated as if the testimony was wholly circumstantial. This conflict in the testimony presented merely a question of fact for the jury, and not a question of law for the court.

2, 3. The instruction requested was as follows: "The court instructs the jury that the test of the sufficiency of circumstantial evidence in a criminal cause is whether the circumstances, as proven, are capable of explanation upon any reasonable hypothesis consistent with the defendant's innocence, and if they are capable of such explanation then the defendant should be acquitted." Since the state's evidence consisted of both direct and circumstantial evidence, this requested instruction went too far. Under the doctrine announced in *State* v. *Holbrook,* 98 Or. 43 (192 Pac. 640, 193 Pac. 434), it is not proper to give such an instruction in any case where there is direct testimony of the commission of the crime, since the effect of such an instruction is to direct the jury to disregard the direct evidence in the case. Before such an unqualified instruction could have been proper in this case, the jury would have to first find that they disbelieved all of the direct testimony in the case. If the instruction had been drawn upon that contingency, it would not have been subject to this particular objection, but it was not so drawn. A requested instruction is always properly refused, unless it ought to have been given in the

very terms in which it was proposed. The court did in fact instruct upon this feature of the case, and the instruction given was as favorable to the defendant as he was entitled to.

4. The second assignment of error relates to an instruction requested in this language: ''The court instructs the jury that in weighing the testimony, greater care should be used by the jury in relation to the testimony of persons who are interested in, or employed to find, evidence against the accused than in other cases, because of the natural tendency, natural and unavoidable, and bias of the mind of such persons to construe everything as evidence against the accused, and disregard everything which does not tend to support their preconceived opinions of the matter in which they are engaged; and the jury is instructed; that if any such persons have testified in this case, it is your duty to criticise their testimony more carefully than that given by witnesses who are wholly disinterested.'' The court refused to give the instruction in the language requested, and after modifying it, gave it as modified. In this state, to give the instruction requested, would have been highly improper. It would not have been proper for the court to have charged the jury that the evidence of an officer of the law who is interested in finding evidence against a person accused of the commission of a crime should be weighed with greater care than that of other witnesses because of an unavoidable tendency upon the part of such officer to construe everything as evidence against the accused, and to disregard everything in his favor. If the circumstances of any particular case evidenced such a tendency upon the part of an officer, it would be a

matter of argument before the jury, but no court would be authorized to assume as a matter of fact, and so charge the jury as a matter of law, that any officer testifying in the case had any such unavoidable tendency.  Upon this point, the court likewise instructed the jury, but not in the language requested, and as so charged we think that the instruction given was even more favorable to the defendant than he was entitled to.

5. There is no merit in the third assignment.  This relates to the following given instruction: ''The defendant in a criminal case has a right to be a witness on his own behalf, and it is your duty to give to his evidence such weight as you deem it is entitled to receive, considering the interest that he has in the result of the case, and the other evidence given in the case.''  We think that it is proper in any case for the court to instruct the jury that they have a right to consider the interest of a witness in the result of the trial, if they find that such witness has such interest, and that the instruction referred to or a similar instruction has been universally given and never deemed objectionable in the trial of criminal cases in this state.

There being no error, the judgment appealed from is affirmed.    AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.