Argued November 12; affirmed December 1; rehearing denied
December 29, 1936

## STATE *v.* MELCHOR
### (62 P. (2d) 829)

Department 1.

*C. W. Robison,* of Portland (Leland B. Shaw and Walter E. Critchlow, both of Portland, on the brief), for appellant.

*T. B. Handley,* Deputy District Attorney, of Portland (James R. Bain, District Attorney, of Portland, on the brief), for the State.

KELLY, J.   The question here presented is whether reversible error was committed by the trial court in failing to give the following requested instruction, wherein for obvious reasons we have substituted the word prosecutrix for the name of the young woman upon whom the assault was made.

"The defendant, ladies and gentlemen, in this case has taken the stand and contends as follows: That he met the prosecutrix on the night of August 4, 1935, when he was in the company of some other men; that he had been drinking all during the day and drinking to excess; that he got out of the car and made this young woman's acquaintance; that the said prosecutrix went to the Madrona Hill Cafe and thereafter while in this cafe drank certain intoxicating liquors with him. He further contends that thereafter they left the Madrona Hill Cafe and went down to the place known as the Incinerator Dump; that the prosecutrix voluntarily removed her clothing, ànd that the defendant did the same, and that any acts of sexual relations were done by mutual consent; that the number of drinks which he had that day would have made it impossible for him without her aid and assistance, and that such acts were done with the consent of the prosecutrix. He maintains that he did not strike or beat her, but that for no reason that he can give she became hysterical, started to run and scream, and that he tried to stop her and to restrain her; that all the acts that were done, were done by her willingly and voluntarily. This is the defendant's theory of the case."

The court instructed the jury, in effect, that the only ground upon which the jury might consider the facts that the defendant was intoxicated was to determine the purpose, motive or intent with which he committed the act; and that no act committed by a person while in a state of voluntary intoxication should be deemed less criminal by reason of his having been in such condition.

Reference in the foregoing requested instruction to the alleged excessive drinking of intoxicants by defendant omits any reference to these principles of statutory law so stated by the court.

The requested instruction is susceptible of the construction that, as a matter of law, the drinking of intoxicants by the prosecutrix constitutes a defense in a

case of this kind, otherwise it would have no proper place in an instruction by the judge to the jury.

The statement in the requested instruction "that the number of drinks which he (defendant) had that day would have made it impossible for him without her aid and assistance" is at best a statement of a factual conclusion and not one of law. It is indefinite as to whether it refers to the alleged attempt with which defendant was charged or with the consummation of some act not charged.

■ Before error can be successfully predicated upon the court's refusal to give a requested instruction, it must appear that it was a correct exposition of the law applicable to the theory adopted by the defendant: *State v. Smith,* 43 Or. 109, 115 ( 71 P. 973).

■ No direct statement of any legal principle is made in the requested instruction.

Whatever may be further said of this request, as a summary of the evidence, it is apparent that as an exposition of the law governing the case it is not comparable to the instruction actually given.

The theory of the defense, which the jury were called upon to consider—in fact, the only defensive theory possible to deduce—was that the prosecutrix did not resist the alleged assault, but consented thereto.

The learned trial judge, among other things, instructed the jury as follows:

"Before you can convict the defendant of assault with intent to commit rape you must find that he attempted to have carnal knowledge of the prosecutrix * * * by force and against her will, and that she at no time consented thereto. If at any time she consented to such acts of the defendant, then he would not be guilty of the crime charged in the indictment. There must have been actual, honest, bona fide resistance on her part, and she must have used force as best she could

to prevent the assault, if any, upon her. If, however, you find that resistance on her part was prevented by terror caused by threats of great bodily harm, or any harm, or by the exhibition of such force on the part of the defendant, Melchor, as made resistance on her part to seem utterly useless, then the law considers such assault to have been made forcibly and against the will of the prosecutrix.''

In so instructing the jury the trial judge stated the law applicable to the theory of defendant's case.

The judgment of the circuit court is affirmed.

BEAN, BAILEY and ROSSMAN, JJ., concur.