Argued February 5, affirmed March 25, petition for
rehearing denied June 23, 1964

# STATE OF OREGON *v.* NORTH
390 P. 2d 637

D. R. *Dimick,* Roseburg, argued the cause and filed a brief for appellant.

*Thomas D. O'Dell,* Deputy District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Avery W. Thompson, District Attorney.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL, GOODWIN and LUSK, Justices.

AFFIRMED.

LUSK, J.

The defendant and one Gordon Burton Hibbard were taken red-handed while attempting to rob a vault in the basement of a bank building in Oakland, Oregon. They were separately indicted, but by stipulation, were tried together. Both were convicted. The defendant was sentenced to serve 10 years in the penitentiary with credit for the time spent in jail until his sentence should commence.

The only error assigned is to the court's failure to give the following instruction requested by counsel for Hibbard:

"If the State of Oregon should undertake to prove a forcible breaking by the defendants, it

is necessary, to constitute a breaking, that some actual force be used. If a person enters a building through an open door or window, it does not constitute a forcible breaking. If any force at all is necessary to effect an entrance into a building, through any place of ingress, usual or unusual, whether open, partly open, or closed, such entrance is a breaking sufficient in law to constitute burglary if the other elements of the offense are present. It is not regarded as a forcible breaking to enter through an open door or window."

The defendant, although he did not request this instruction, excepted to the court's refusal to give it.

The indictment charged the defendant with breaking and entering a certain described building in the nighttime with the intent to commit larceny therein and with using and attempting to use nitroglycerine, dynamite and other explosive in violation of ORS 164.260. The point made in support of the assignment of error is that, while under other sections of the code denouncing the crime of burglary, it is not necessary for the state to prove a breaking, this is not so of ORS 164.260. Thus, ORS 164.230 makes it a crime to break and enter a dwelling house with intent to commit a crime therein and ORS 164.240 makes it a crime to break and enter a structure other than a dwelling. ORS 164.220 reads:

"Every unlawful entry of a dwelling house, with intent to commit a crime therein, is a breaking and entering of the dwelling house within the meaning of ORS 164.230. Every unlawful entry of any building, booth, tent, railroad car, vessel, boat, or other structure or erection mentioned in ORS 164.240, with intent to steal or commit any felony therein, is a breaking and entering of the same within the meaning of ORS 164.240."

The provision of the foregoing section that unlawful entry is a breaking and entering within the meaning of those words as used in ORS 164.230 and ORS 164.240, is not in terms made applicable to ORS 164.260, the section under which the defendant was indicted; and it is, therefore, argued that a breaking, as at common law, is an essential element of the crime of burglary under the latter section.

■ The record does not warrant the decision of this question. The requested instruction is faulty. In no event would it have been proper for the court to advise the jury that "[i]f the State of Oregon should undertake to prove a forcible breaking by the defendants, it is necessary, to constitute a breaking, that some actual force be used"; for, if the defendant's construction of the statute be correct, then it became the duty of the state to prove a forcible breaking regardless of what it might "undertake" to prove. The implication of the request is that if the state did not "undertake" to prove a forcible breaking it need not do so.

■ The applicable rule was thus stated in *State v. Quartier,* 118 Or 637, 639-640, 247 P 783:

"A requested instruction is always properly refused, unless it ought to have been given in the very terms in which it was proposed."

See, also, *State v. Melchor,* 155 Or 225, 227, 62 P2d 829; *State v. Smith,* 43 Or 109, 115, 71 P 973.

■ While we are not prepared to say that when defendants in a criminal case are jointly tried one defendant may not, by excepting to the court's refusal to give an instruction requested by his codefendant, preserve the alleged error for review on appeal, it is

a practice not to be encouraged.[1] We think it would be permissible in such a case for the trial judge to disallow the exception. Here it was allowed and we have, therefore, considered the assignment of error, but with this reservation: Counsel for the defendant Hibbard also requested the following instruction:

"Every unlawful entry of any building with intent to steal or commit any felony therein, is a breaking and entering of the same."

The court gave this instruction and the defendant North took no exception and thereby acquiesced in it. His codefendant, having requested the instruction, could not be heard to say it was erroneous. It was, moreover, inconsistent with the requested instruction which was refused and, for that additional reason, the codefendant could not complain of the refusal. 88 CJS 1127, Trial § 409. We think that when the defendant assumed to associate himself with the refusal of his codefendant's requested instruction he should not be permitted to disassociate himself from his codefendant's contradictory requested instruction on the same subject which was given; and that he is in no better position to urge the alleged error than his codefendant would have been had the latter appealed.

The judgment is affirmed.

ROSSMAN, J., specially concurring.

When this defendant-appellant attempted to except to the refusal of the trial judge to give to the jury an instruction, not requested by this defendant but by the other man who was being tried concurrently

[1] Had the defendant requested the instruction he would have been given an automatic exception. ORS 17.510. See Williams v. Ragan, 174 Or 328, 337, 143 P2d 209.

with him, the defendant did not gain a basis for an assignment of error. The two defendants had been indicted separately. The trial would result in two judgments—not one. They had separate counsel. The appeals would be separate and purported errors were not equally applicable to the two defendants. The mere fact that the trial judge, possibly as a routine matter, said "Exception allowed," does not control us. This defendant had not requested the instruction drafted by Hibbard's counsel and had not joined in Hibbard's request. The fact that he and Hibbard were being tried by the same jury did not give the one of them the benefit of errors, if any, that were committed at the expense of the other. If one of the defendants, without joining in the other's request for an instruction, may at that point save an exception, the trial judge and the district attorney are placed in a most difficult position as to the composition of the instructions and the reception of the evidence. When the defendants are two or more in number, they must unite in their motions and objections or be dealt with as individuals.

Upon the above basis I concur.

O'CONNELL, J., specially concurring.

I concur in the result. I do not regard the instruction requested by defendant Hibbard as faulty. However, I am of the opinion that ORS 164.220 can be construed as being applicable to ORS 164.260 as well as to ORS 164.230 and ORS 164.240. I would treat ORS 164.220 as a declaration by the legislature that the common law concept of breaking was abolished and that any unlawful entry is a breaking where the crime of burglary is charged. The two burglary statutes

(ORS 164.230 and ORS 164.240) were specifically mentioned in ORS 164.220 not for the purpose of limiting the operation of the latter statute but simply because those were the only burglary statutes then in force.

The statute so construed is made applicable to ORS 164.260 in spite of the fact that it was subsequently enacted. Obviously, ORS 164.260 was enacted to impose a more severe penalty where burglary was accompanied by the use of explosives. There is no reason to think that the legislature intended one kind of breaking under ORS 164.260 and another kind of breaking under the other burglary statutes previously enacted.