Argued September 13, affirmed September 20, 1967

STATE OF OREGON, *Respondent, v.*
JAMES E. BRAZEAL, *Appellant.*

431 P. 2d 840

*Carlton D. Warren,* Portland, argued the cause and filed briefs for appellant.

*Bill L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before MCALLISTER, Presiding Justice, and O'CONNEL and DENECKE, Justices.

## McALLISTER, J.

The defendant, James E. Brazeal, was found guilty of armed robbery in Multnomah county and was sentenced to the penitentiary for life. On appeal the defendant concedes that there was evidence from which the jury could have found that he and an accomplice robbed a MacDonald's Hamburger Stand in Portland —that the accomplice obtained the money at gun point while the defendant drove the car used in going to the scene of the crime and in making a get away therefrom.

■ Defendant's only assignment of error alleges that the trial court erred in failing to give an instruction requested by defendant. On oral argument defendant's counsel conceded that the requested instruction was "not absolutely clear," which was an understatement. The instruction was long, complex and confusing, and the trial court properly declined to give it.

■■ The refusal of the trial court to give an instruction requested by the defendant is error only if the requested instruction correctly states the applicable law. *State v. North,* 238 Or 90, 93, 390 P2d 637, cert. den. 379 US 939, 85 S Ct 344, 13 LEd2d 349 (1964); *State v. Melchor,* 155 Or 225, 227, 62 P2d 829 (1936); *State v. Quartier,* 118 Or 637, 639, 640, 247 P 783 (1926); *State v. Smith,* 43 Or 109, 115, 71 P 973 (1903). The rule applicable in criminal cases is stated in *State v. Quartier,* 118 Or at 639-640, as follows:

"* * * A requested instruction is always properly refused, unless it ought to have been given in the very terms in which it was proposed. * * *"

The case was properly submitted to the jury by instructions to which no exceptions were taken. We find no error and the judgment is affirmed.