Argued October 29, affirmed November 14, petition for rehearing denied December 10, 1969

STATE OF OREGON, *Respondent, v.*
KENNETH DECKER EVANS,
*Appellant.*

460 P. 2d 1021

*Bryan T. Hodges,* Eugene, argued the cause and filed the brief for appellant.

*Stephen A. Hutchinson,* Deputy District Attorney, Eugene, argued the cause for respondent. On the brief were Robert K. Naslund, Deputy District Attorney, and John B. Leahy, District Attorney, Eugene.

BRANCHFIELD, J.

Defendant was found guilty of driving while under the influence of intoxicating liquor. He claims prejudicial error in the failure of the trial court to give the jury one of his requested instructions.

At. the trial the defendant testified that he had drunk two bottles of beer before leaving Cottage Grove to drive to Eugene. He complained that he had been nauseated and his head ached. He claimed the symptoms which he felt and his erratic driving were caused by carbon monoxide poisoning. He said the carbon monoxide came from a defective exhaust pipe on his car and that the fumes leaked through a hole in the floor boards of his car.

In giving his instructions to the jury, the court defined "under the influence of intoxicating liquor" as meaning any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquor, and which tends to deprive one of clearness of intellect and control. Similar language was approved by the Oregon Supreme Court in *State v. Robinson,* 235 Or 524, 385 P2d 754 (1963), and *State v. Noble,* 119 Or 674, 250 P 833 (1926). The defendant did not except to any instructions given by the court.

■ The defendant urges that the court should have instructed the jury as follows:

"The defendant has introduced evidence that

the physical condition described by the arresting officer was caused by carbon monoxide poisoning.

"If after a careful consideration of all of the evidence in the case, there remains in your mind a reasonable doubt as to the cause of the defendant's condition, that is whether or not it was caused by the consumption of alcoholic liquor, or by carbon monoxide poisoning, then the defendant is entitled to the benefit of the doubt and you shall find him not guilty."

The vice of the requested instruction is the implication that intoxication and carbon monoxide poisoning are mutually exclusive. It did not recognize the possibility of defendant's having been affected by both. That was not a correct statement of the applicable law, and therefore the instruction was properly refused. *State v. Brazeal,* 247 Or 611, 431 P2d 840 (1967); *State v. Patterson,* 117 Or 153, 241 P 977 (1926).

■ When a defendant seeks to have the court instruct the jury concerning the defendant's theory of the case, it is his duty to request an instruction which is well founded in law. *State v. Zusman,* 1 Or App 182, cert den 398 US 905, 90 S Ct 1698, 26 LEd 2d 65 (1970), 460 P2d 872 (1969); *State v. Patterson,* supra. Since the requested instruction did not accurately state the law, it was not error for the trial court to refuse to give it.

The judgment is affirmed.