Argued January 22, affirmed February 5, petition for
rehearing denied April 7, 1970. Petition for
review denied by Supreme Court
May 19, 1970

CITY OF EUGENE, *Respondent, v.*
DUANE ERNEST REED,
*Appellant.*
464 P2d 842

*Gary K. Jensen*, Eugene, argued the cause for appellant. With him on the brief were Dwyer & Jensen, Eugene.

*Douglas G. Combs*, Assistant City Attorney, Eugene, argued the cause for respondent. With him on the brief were Herman P. Hendershott, City Attorney, and James W. Spickerman, Assistant City Attorney, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant was convicted of driving while under the influence of intoxicating liquor. He appeals, urging (1) that he was not effectively advised of his rights before making incriminating statements, and (2) that the court erred in refusing to instruct the jury that to convict they must find defendant's ability to operate his automobile was impaired solely by intoxicating liquor.

We concur with the trial court's finding that defendant was properly advised of his rights, understood them and waived them in making the statements in question. This finding had as a basis the testimony of two policemen and to some extent the defendant himself. The court also found that "the statements were otherwise voluntarily and freely given." In that connection on cross-examination the defendant himself said:

"'Q All right. So, as a matter of fact, the statements you made were freely and voluntarily given, were they not?'

"[DEFENDANT:] Yes, they was."

■ Defendant's second contention is controlled by *State v. Evans*, 1 Or App 282, 460 P2d 1021 (1969), where defendant requested an erroneous instruction relative to driving while intoxicated. There the court pointed out when a defendant seeks to have the jury instructed concerning his theory of the case, the requested instruction must accurately state the law. Just as in *Evans* the instruction requested here did not do so.

There is no merit in defendant's assignments of error.

Affirmed.