Argued May 23, affirmed August 12, reconsideration denied
September 18, petition for review denied October 15, 1974

STATE OF OREGON, *Respondent, v.* EDWARD
CLARENCE FLYGARE (No. 73 0714), *Appellant.*

525 P2d 181

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

Defendant was indicted on two counts of attempted murder, ORS 161.405 and ORS 163.115. One count involved his wife, from whom he was separated. The other count involved her then boyfriend, now her husband, with whom she was living. He was convicted on Count I of the lesser included crime of menacing, ORS 163.190, and of attempted manslaughter, ORS 161.405, 163.125 (1) (b), on Count II. He was sentenced to two and one-half years on Count II, which involved his wife, and Count I, involving the boyfriend, was dismissed. He appeals, asserting three errors.

First, he contends it was error for the court to allow his wife to testify concerning threats and assaults made by him to and upon her over a several-year period during the marriage. The defendant admitted his participation in the gunfight leading to these charges at the boyfriend's residence, but he denied he had any intent to kill or harm his wife. Specifically, she was permitted to testify that:

(1) Defendant once attempted to drown her;

(2) Defendant attempted to run her down with his car;

(3) Defendant told her during a brief separation that he would kill her if she did not return;

(4) Defendant choked her on several occasions;

(5) Defendant, on her refusal to remove his boots for him when he returned home drunk, threw a crystal ashtray at her, which she avoided; and

(6) Defendant once fed porkchops to the dog, fearing his wife had poisoned the chops and threatened her that, if the dog died, he would use his "roofing axe and * * * cut you up in little pieces and flush you down the toilet."

■ In a prosecution for attempted murder, the intent to kill the person assaulted is an essential element of the crime. In *State v. Fleischman,* 10 Or App 22, 27, 495 P2d 277, Sup Ct *review denied* (1972), we said:

"While evidence of collateral crimes committed by an accused is generally inadmissible, the courts have recognized numerous exceptions. For a discussion of some of these exceptions, see *State v. Lehman,* 6 Or App 600, 488 P2d 1383 (1971); *State v. Hamilton,* 5 Or App 266, 483 P2d 90, Sup Ct *review denied* (1971); *State v. Woolard,* 2 Or App 446, 467 P2d 652, Sup Ct *review denied* (1970).

Among the frequently recognized exceptions to the exclusionary rule is:

> " '* * * [P]roof of other crimes * * *
> " '* * * * *
>
> " '(7) To show, by immediate inference, malice, deliberation, ill-will or the specific intent required for a particular crime.' McCormick, Evidence 326, 327, 330, § 157 (1954).

See also 2 Wigmore, Evidence 274, §§ 363-365 (3d ed 1940, Supp 1970) ; 1 Wharton, Criminal Evidence 320, 330, 339, 394, §§ 165, 170, 173, 197 (12th ed 1955)."

■ It is clear that the testimony was relevant under the foregoing rule. It went directly to the basic question of defendant's intent in the commission of the acts charged. That, as defendant contends, that evidence may also have been prejudicial in that it showed defendant to be "a bad man," does not alone warrant its exclusion.

At trial, defendant objected on the grounds of relevance. The trial court conducted a lengthy inquiry in the absence of the jury, in the course of which the wife was examined by counsel as to each of the above incidents. The court concluded that they were relevant to show the motive and intent of defendant at the time of the commission of the crimes charged. Thereafter the witness testified concerning them before the jury.

■ In *Fleischman* we also discussed the rules surrounding the length of time over which such incidents, otherwise admissible, may extend, and pointed out that this was "within the sound discretion of the trial judge." Here the incidents occurred over approximately the four-year period prior to the crimes charged. The question of its admissibility was well within the trial court's discretion and the evidence was properly received.

*State v. Manrique,* 16 Or App 538, 519 P2d 397 (1974).

■ Defendant next challenges the right of the witness, Baker, to testify, because his name was not endorsed on the indictment as having testified before the Grand Jury. He concedes, however, that Mr. Baker did not testify or appear as a witness before the Grand Jury which returned that indictment. Thus it is clear under ORS 132.580① there was no basis for the objection.

Defendant's contention is that Mr. Baker did appear before a subsequent grand jury also inquiring into aspects of defendant's conduct, the nature of which does not appear. There is nothing in the record to show that the indictment here involved was amended or superseded in any respect. Nor is there any evidence that the state sought in any way to avoid its responsibility to comply in good faith with ORS 132.580. No claim is made that his appearance before a grand jury, subsequent to the return of the indictment here, was directly or indirectly the result of an attempt by the

---

① ORS 132.580 provides:

"(1) When an indictment is found, the names of the witnesses examined before the grand jury that returned the indictment and the names of those whose reports were received by such grand jury pursuant to subsection (2) of ORS 132.320 must be inserted at the foot of the indictment, or indorsed thereon, before it is filed. The indorsement shall show whether the witness gave testimony before the grand jury or filed a report.

"(2) A witness examined before the grand jury whose name is not indorsed on the indictment shall not be permitted to testify at trial without the consent of the defendant, unless the court finds that:

"(a) The name of the witness was omitted from the indictment by inadvertence; and

"(b) The name of the witness was furnished to the defendant by the state at least 10 days before trial; and

"(c) The defendant will not be prejudiced by the omission."

state to circumvent the intent of ORS 132.580.[2] The objection is without merit.

The final assignment charges that the trial court erred in instructing the jury on the crime of attempted manslaughter. Such an instruction was requested by the state. It related directly to the lesser included offense of attempted manslaughter by reason of extreme emotional disturbance. Following the instruction, the record shows:

"THE COURT: Defendant's exceptions.

"MR. McCREA [attorney for defendant]: If it please the Court, defendant excepts to giving of instructions on the lesser-included offense or instructing there was a lesser-included offense of attempted manslaughter on the grounds and for the reason that there is no evidence that any extreme emotional influence was involved, and the instructions were, therefore, vague, abstract, and did not apply."

■ We think there was ample evidence from which the jury could have found, as in fact they appear to have done, that the defendant at that time was acting under the influence of extreme emotional disturbance as defined in ORS 163.125 (1)(b). No challenge is directed to the accuracy of the instruction as given.

---

[2] We note that, though not in force at the time of the trial herein, ample protection from any possible claim of unfairness in failing to disclose the name of a witness is now available under ORS 135.815, which provides:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:

"(1) The names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.

"* * * * *."

On appeal, defendant asks us to consider other matters not stated or inferable in the foregoing objection. He asks us to consider these under Rule 6.18 of the Supreme Court and Court of Appeals of the State of Oregon, conceding that the exception did not embrace other grounds now urged on appeal.

The record here shows, that prior to the giving of instructions, the court conferred with counsel in chambers. Concerning that conference, we note that defense counsel later said:

"In fact, I thought the conference was conducted on the basis that instructions would be given and exceptions would be taken, and the Court was doing nothing more than indicating what the Court intended to do."

■ In the face of this record, we can find no reason to invoke Rule 6.18. Counsel not only had had the opportunity but, in fact, had carefully examined the instruction in advance. Thus he knew that the challenged instruction was going to be given well in advance and had ample opportunity to consider it and advise the court of his grounds for objection. Indeed, he does not claim surprise. We decline to depart from the long-established rule that counsel, when taking exceptions, must point out to the court with reasonable clarity the ground or grounds upon which he relies therefore. *State of Oregon v. Kader,* 201 Or 300, 334-36, 270 P2d 160 (1954) ; *State v. Johnston,* 143 Or 395, 22 P2d 879 (1933) ; *State v. Moczygemba,* 234 Or 141, 147, 379 P2d 557 (1963). To consider new and different grounds on appeal not called to the attention of the trial court would defeat the purpose of the rule. Nor is there anything in the record or the instruction here to warrant the conclusion "that the error is mani-

fest and that the ends of justice will not otherwise be satisfied." *State v. Zadina,* 1 Or App 11, 12, 457 P2d 670 (1969).

Affirmed.