Argued July 18, affirmed August 26, reconsideration allowed
October 22, petition for review denied December 17, 1974

## STATE OF OREGON, *Respondent, v.* LYLE DENNIS JOHNSON (No. 73 0467), *Appellant.*

525 P2d 1077

*Robert J. McCrea,* Eugene, argued the cause for appellant. With him on the brief were Mulder, Morrow & McCrea, P. C., Eugene.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Defendant was convicted by a jury of fraudulent use of a credit card, ORS 165.055, pursuant to a single-count indictment charging five separate fraudulent uses, aggregating over $200 in value. He appeals from the resulting judgment assigning several errors.

Defendant contends his motion for judgment of acquittal was erroneously overruled. We disagree. Defendant urges there was insufficient evidence to show the credit card was stolen or otherwise used without the owner's authority. The owner testified her credit card was stolen, that she had never authorized its use for the purchase by the defendant or anyone else of any of the items on the sales slips, and that none of the signatures on the slips were authorized by her.

The defendant testified that he signed each of the sales slips and received the various items of merchandise in question, and that he presented and used the credit card for that purpose. Several state's witnesses, at least one of whom knew him personally, identified defendant as the person who received the merchandise and signed the credit card sales slip.

Defendant contended that he was allowed the use of the card in payment of services rendered by him to a man whom defendant said he believed was authorized to make purchases with it. Defendant stated he assumed that man to be the husband of the card owner. This person was not produced as a witness. The owner of the credit card testified she had never been married. There was ample evidence to warrant the submission of the charge to the jury.

Defendant submitted an instruction relating to circumstantial evidence. The court declined to give it on the ground there was ample direct evidence to connect the defendant with the crime. Defendant duly excepted to the failure.

The defendant requested the following instruction:

"The State in this case has relied upon circumstantial evidence;

"When circumstantial evidence is relied upon for conviction, it must not only coincide with, render probable and be consistent with the guilt of the accused, but it must be inconsistent with any reasonable theory of their innocence and incapable of explanation upon any other reasonable basis than that of guilt.

"* * * * *"

Substantially, the same instruction was requested in *State v. Quartier,* 118 Or 637, 639-40, 247 P 783 (1926). There the court said:

"* * * Since the state's evidence consisted of both direct and circumstantial evidence, this requested instruction went too far. Under the doctrine announced in *State v. Holbrook,* 98 Or. 43 (192 Pac. 640, 193 Pac. 434), it is not proper to give such an instruction in any case where there is direct testimony of the commission of the crime, since the

effect of such an instruction is to direct the jury to disregard the direct evidence in the case. Before such an unqualified instruction could have been proper in this case, the jury would have to first find that they disbelieved all of the direct testimony in the case. If the instruction had been drawn upon that contingency, it would not have been subject to this particular objection, but it was not so drawn. A requested instruction is always properly refused, unless it ought to have been given in the very terms in which it was proposed. * * *"

In *State v. Nortin,* 170 Or 296, 324-25, 133 P2d 252 (1943), relied on by defendant, the court considered this question at length, and said:

"The rule to be deduced from our decisions is that when all or substantially all of the evidence tending toward conviction is circumstantial, the court should, upon request, instruct on the law relating to such evidence, but where there is substantial direct evidence of guilt it is not necessarily reversible error to refuse to instruct on the law of circumstantial evidence. Upon the facts of a particular case it may be proper although not necessary. If such an instruction were given in a case supported by both circumstantial and direct evidence, it would be in the nature of a cautionary instruction, the giving or refusing of which is generally considered to rest in the sound discretion of the trial court.

"* * * * *

"It is well established that it is not necessary to have direct evidence on every material issue in the case in order to obviate the necessity for instructing on circumstantial evidence. * * *"

■ Defendant now contends that the requested instruction was proper in relation to the question of whether or not he had the requisite intention to defraud. As requested, the instruction was not so

limited. It was therefore properly denied. *State v. Quartier,* supra. Furthermore, the language of the requested instruction is drawn from *State v. Dennis,* 177 Or 73, 77, 159 P2d 838, 161 P2d 670 (1945). It is clear from *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974), and *State v. Draves,* 18 Or App 248, 524 P2d 1225 Sup Ct *review denied* (1974), that such language no longer correctly states the Oregon rule.

The remaining assignments charge error in the failure of the court to give certain requested instructions relating, as the defendant points out in his brief, to substantially the same issue. Defendant concedes that he did not except to the alleged failures, claiming only that he believed from remarks made by the court prior to argument that it intended to give the instruction as requested.

██ It is elementary that, with respect to instructions, it is only claimed errors duly excepted to that will be considered on appeal. The purpose of taking exceptions to instructions is to direct the court's attention to claimed errors in order to present to the judge a timely opportunity to correct them. *See State v. Flygare,* 18 Or App 292, 525 P2d 181 Sup Ct *review denied* (1974). Accordingly, we decline to consider them.

Affirmed.