STATE OF OREGON, *Respondent,*

*v.*

JAMES LEE WILSON, *Appellant.*

(No. C 76-12-18025, CA 8312)

578 P2d 822

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant appeals his convictions of assault in the first degree (two counts, ORS 163.185) and being an ex-convict in possession of a concealable firearm (ORS 166.270). He assigns as errors the admission of evidence concerning a fight which occurred prior to the incident from which the charges arose and the refusal to give two requested instructions on self-defense.

On the evening of December 24, 1976, defendant was involved in two separate altercations. The first took place outside a tavern. Defendant's brother-in-law, George Mott, who happened to be in the tavern at the time, testified that defendant had an argument with two men inside the tavern and agreed to go outside to fight one or both of them. Defendant asked Mott to accompany him outside. The other men preceded them out of the building. When defendant and Mott stepped outside, one of the others fired two pistol shots in their direction. Defendant tackled the man with the gun and apparently took it away.[1] He subsequently kicked the man in the head as he lay on the ground. Mott did not see defendant use a knife at the tavern. Defendant, testifying as part of his own case, disclosed on cross-examination that he had stabbed one of the men.

Defendant and Mott left the tavern separately. A few minutes later defendant arrived at the house of another brother-in-law, James Weisz, where he had been invited for dinner. The location was several blocks from the tavern. Also present were Gordon Mott (defendant's father-in-law), Jack, George and Robert Mott (brothers-in-law), JoAnne Weisz (James' wife), the Weisz children, Marilyn Mott Wilson (defendant's wife, from whom he was then separated), her boyfriend and some others.

---

[1] George Mott did not see the pistol in defendant's possession at the tavern. Only after he arrived at the Weisz residence later did he learn that defendant had it. Defendant testified that he had obtained the pistol during the tavern fight.

After defendant had been inside the house playing with the children for about twenty minutes, the second altercation developed. There were generally two opposing versions of the incident. According to Gordon and Jack Mott, an argument arose over defendant's possession of the loaded pistol. Defendant was eventually asked to leave, and Jack showed him to the door. As he walked from the house, defendant turned and threw a beer bottle, striking Jack. Jack then leaped on defendant, and they traded blows. Defendant pulled out a hunting knife and stabbed Jack several times. George Mott managed to get the pistol away from defendant and gave it to Gordon, who put it into his pocket. Defendant then stabbed Gordon.

James and JoAnne Weisz and defendant presented a markedly different account. JoAnne testified that inside the house Gordon and Jack were yelling at defendant "and calling him names—more or less trying to get him to fight, or like they were going to beat him up." Defendant decided to leave. As he headed for the door, Gordon, Jack, George and Robert all ran after him. As he fled from the house, defendant testified, Jack hit him in the head with a bottle, knocking him to his knees. Jack, Gordon and George then began beating and kicking him. The pistol was taken away, and, according to JoAnne, Gordon hit defendant in the face with it several times. Defendant said he feared for his life and lashed out with the knife in self-defense. Defendant had previously been told that Gordon Mott had expressed an intention to kill him.

Defendant made a pre-trial motion to exclude testimony concerning the tavern fight. The motion was denied; the evidence was admitted at trial over objection. The court ruled the evidence admissible on two grounds: first, to show possession and operability of the pistol; second, to show defendant's "general state of mind and the emotional condition at the time or near the assaults alleged." The state argues now, as it did on the pre-trial motion, that the evidence also

demonstrated that defendant was acting in an "assaultive" manner toward other people on the same evening. Therefore, the argument goes, it tends to establish that defendant was the aggressor in the second fight and was not entitled to claim self-defense in justification under ORS 161.215.[2]

Defendant offered to stipulate that the firearm had come into his possession under circumstances which put him on notice of its operability. The state refused to so stipulate. In *State v. Zimmerlee,* 261 Or 49, 492 P2d 795 (1972), which involved a similar situation, the court noted:

> "* * * Although we have held that the state may prove its case 'to the hilt,' that privilege is not open to the state in circumstances where its exercise would unnecessarily expose a defendant to prejudice. Once defendant offered to stipulate that he had possession of the gun subsequent to the alleged robbery, the only purpose that would be served by permitting the state to prove the subsequent crime would be to show that because defendant had committed another crime he was a bad man and therefore probably committed the crime for which he was charged. In those circumstances the prejudicial effect of the evidence would outweigh its probative value and it is not admissible." (Footnote omitted.) 261 Or at 54.

The same conclusion applies here. The testimony concerning the tavern fight should not have been admitted on the issues of possession and operability of the firearm which went only to the ex-convict in

---

[2]ORS 161.215 provides that

"* * * a person is not justified in using physical force upon another person if:

"* * * * *

"(2) He is the initial aggressor, except that his use of physical force upon another person under such circumstances is justifiable if he withdraws from the encounter and effectively communicates to the other person his intent to do so, but the latter nevertheless continues or threatens to continue the use of unlawful physical force; or

"(3) The physical force involved is the product of a combat by agreement not specifically authorized by law."

possession charge. It unnecessarily subjected defendant to a strong likelihood of prejudice on the assault charges which outweighed the probative value it may have had on the former charge.

Neither should the evidence have been admitted on the other asserted grounds. Neither the defendant's "general state of mind" nor his "emotional condition" at the time of the fight with his in-laws was in issue. Moreover, it is doubtful that the earlier incident had any probative value in regard to those matters because it involved a different time, a different place and entirely different circumstances.

■ The state argues that it was entitled to show that the stabbings were not justified because defendant was the initial aggressor. We agree. We do not agree, however, that the state was entitled to attempt such proof by introducing evidence of a prior specific act, especially one involving different persons and occurring under substantially different circumstances. The mere assertion of self-defense does not place defendant's character or behavior patterns "clearly and expressly" in issue as required by *State v. Henley,* 27 Or App 607, 557 P2d 33, *rev den* (1977). McCormick, Evidence 461, § 193 (2d ed E. Cleary 1972); *see also Rich v. Cooper,* 234 Or 300, 380 P2d 613 (1963). Even had a trait of defendant's character been in issue, proof of that trait by specific acts was not permissible. *State v. Henley, supra.*

■ Although the evidence of the earlier fight was not relevant to any issue the state could legitimately prove, it may well have influenced the jury's decision as to who was the initial aggressor in the second fight. The prosecutor in fact argued that the challenged evidence compelled the conclusion that defendant was the aggressor. Defendant's entire defense on the assault charges was based on self-defense. Because there were substantial evidentiary conflicts on that issue, the admission of the testimony concerning the earlier fight constituted reversible error.

Because the issue may arise again if defendant is retried, we will briefly consider his second assignment of error. Each of the refused instructions misstated the law under ORS 161.219 and 163.160. Moreover, each was potentially confusing and Requested Instruction No. 6 contained comments upon the evidence. The instructions were properly denied. *State v. Brazeal,* 247 Or 611, 431 P2d 840 (1967); *State v. North,* 238 Or 90, 390 P2d 637, *cert den* 379 US 939 (1964).

In light of the clear and uncontroverted evidence concerning defendant's possession of the pistol at the Weisz residence, we find that the ex-convict in possession of a concealable firearm conviction should be affirmed, despite the erroneous admission of the evidence concerning the tavern incident. Or Const Art, VII, § 3; ORS 138.230; *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

Affirmed in part; reversed in part and remanded for a new trial.