## STATE OF OREGON, *Respondent,*
### *v.*
## KELSIE TURNER, *Appellant.*
### (No. DA 146323, CA 12215)
594 P2d 1304

Stewart Martin, Portland, argued the cause and filed the brief for appellant.

Allison Smith, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

[285]

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant appeals from a judgment on a jury conviction of theft in the second degree. ORS 164.045.

At approximately 8:30 p.m. in the evening, a police officer was dispatched to a Plaid Pantry store. A store employee told him that four black men had stolen several bottles of wine. The employee reported that he saw the men depart in a dark Chrysler New Yorker of approximately 1966 vintage. He also had the license number. The officer broadcast that information.

At about 11 p.m. that evening, the same officer was dispatched to a second Plaid Pantry store located one to three miles from the first. The employee at the second store reported that four black men had taken several cans of coffee. She described two of the men, including a "stocky" one of whom she had taken particular note. She said the men had been in the store before. She did not notice any car. The officer broadcast the information, stating that the incident was similar to the theft of wine from the other store and that the same car might be involved.

Within minutes of the second broadcast, the officer received a call that four black men in a car matching the description given in the earlier broadcast had been stopped. The officer took the employee of the second store to the scene of the stop. The four suspects were walked by her one at a time, and she identified them as the men who had taken the coffee. She identified defendant as the "stocky" one she particularly recalled. Defendant was charged with theft of the coffee. The employee also identified him in the courtroom. He was found guilty on that charge.

■ Defendant assigns as one error the admission of the store employee's identification testimony. That testimony, however, was not challenged below, and we will not consider the issue.

After the state rested its case, defendant took the witness stand in his own behalf. He admitted that on

the evening of the alleged crime he was riding around, drinking with three companions. He also acknowledged that his companions may have gone into a Plaid Pantry store. His defense was that he did not go into the store, but was "passed out" in the car because he had drunk too much.

To corroborate his story, defendant called one of his companions as a witness. On direct examination, the witness testified that he, defendant and two others were out riding around and drinking on the evening in question and that they stopped at a Plaid Pantry. He claimed, however, that defendant was "passed out" and did not go inside the store.

On cross-examination the witness was asked if he recalled his earlier statement to an investigating attorney that all four of the men went into the Plaid Pantry where the theft of wine allegedly occurred. The witness replied that he did recall the statement. The prosecuting attorney then asked if the witness and his companions had got some wine at that time. The witness replied that they had. Before the prosecutor could ask another question, the trial judge interrupted and asked to see the attorneys in his chambers. The jury was then sent out and a hearing was held to determine if the witness was aware of his right to refuse to testify about matters which would tend to incriminate him.

The court repeatedly questioned the witness to determine if he understood his rights. The witness stated that he had been charged with robbery as a result of the events at the first Plaid Pantry, but the charges had been "thrown out of court." What the witness meant by that was not clarified. He was not charged in connection with the events at the second store. He also told the court that the only attorney he had spoken to about testifying was defendant's attorney. The court asked if the witness wanted to consult with another attorney, but that received no clear answer. The court explained the witness' rights sever-

al times and finally determined that the witness did not wish to incriminate himself.

The court then asked the prosecuting attorney if he had matters for cross-examination which did not involve the witness' conduct inside the second store. He replied that he did have some such matters, but they were "fairly minimal." The court gave the prosecutor the choice of asking those questions and thereby waiving any objection to the witness' direct testimony or foregoing those questions and moving to have the witness' entire direct testimony stricken. The prosecutor chose the latter.[1] The jury was instructed to disregard totally what the witness had said.

Whether or not the trial court's sua sponte effort to protect the unrepresented witness was required, we believe that the procedure followed was not adequate to protect the defendant's substantial interest in the testimony which had been elicited on direct examination. The court acknowledged throughout the hearing that it had no way of knowing what the witness would say concerning the events at the second Plaid Pantry store. Nevertheless, the ruling was based on the assumption that any testimony the witness would have given concerning the events at the store would have been incriminating.

Having properly satisfied himself preliminarily that the witness did understand his rights and did not wish to incriminate himself, the court should then have had the prosecutor continue his cross-examination out of the presence of the jury. It would have been up to the witness (advised by counsel if he so desired) to determine if truthful answers to the question would have been incriminating. In no other way could it be definitely determined that the witness would refuse to testify about matters on which he could properly be cross-examined. In the absence of that, it is possible that the witness' direct testimony,

---

[1] No issue is presented concerning the choice given the prosecuting attorney.

[289]

which was important to defendant's case, was stricken needlessly. For that reason, the judgment will be reversed and the matter remanded for a new trial.

■ Because the issue may arise again on retrial, we consider briefly defendant's final assignment of error. Prior to trial he made a motion *in limine* to exclude all evidence relating to the first alleged Plaid Pantry theft, for which he was not charged. The prosecuting attorney stated that the evidence concerning the first crime would only be offered to prove that the stop of defendant and his companions was justified. The prosecutor expressly disavowed any intention of using evidence of the first alleged theft to identify defendant as one who committed the second theft. In fact, he disavowed any intention of proving that defendant was even involved in the first theft. Defendant's attorney offered to stipulate that the stop was justified. In light of that offer to stipulate, the motion should have been allowed. *See State v. Zimmerlee,* 261 Or 49, 492 P2d 795 (1972); *State v. Wilson,* 34 Or App 429, 578 P2d 822, *rev den* (1978)).

Reversed and remanded.