Argued October 4, affirmed November 23, 1966

# STATE OF OREGON *v.* TERRY LEE MEIDEL
### 420 P. 2d 386

*Oscar D. Howlett,* Portland, argued the cause and filed briefs for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

SLOAN, J.

■ Defendant appeals from a conviction of conspiring to commit the felony of burglarizing the coin boxes of pay telephones. The most serious question raised by this appeal has been resolved by *State v. Keys,* 1966, 244 Or 606, 419 P2d 943. In Keys we held that entering a telephone booth to rob the coin box constituted burglary. Defendant had relied on the theory that such an act was a misdemeanor and could not be the basis of a conspiracy charge.

The state's evidence established that defendant, and his alleged co-conspirators, had designed and caused to be made an ingenious tool that would easily open telephone coin boxes without marring or breaking the box. The separate parts of the tool were made by different machine shops in Portland. Defendant admitted his participation in causing the tool to be made. He testified that he thought, at all times, that he was participating in financing and developing a tool that would only be used as a valve lifter by automobile mechanics. Defendant contends that there is no other direct evidence of his knowledge of the use for which the tool was to be used and that he was an

innocent victim of the co-conspirators. He argues that the lack of any direct evidence of knowledge on his part of the purpose of his confederates to put the tool to criminal use requires a directed verdict of innocence.

Defendant relies on the concurring opinion of Mr. Justice Jackson in *Krulewitch v. United States,* 1949, 336 US 440, 445, 69 S Ct 716, 93 L ed 790, to persuade the court to recast the law of the proof of a conspiracy. Krulewitch had been convicted of a conspiracy to violate the Mann Act. The Supreme Court reversed the conviction because evidence was admitted of statements made by a co-conspirator after the conspiracy had terminated. Justice Jackson's concurring opinion is an eloquent, documented and persuasive argument to severely limit the conspiracy charge, if not to abolish it. One could agree with all that Justice Jackson so forcibly says, but it does not help defendant. The conspiracy statute remains (ORS 161.320) and the law relating to it is unchanged.

■ In *State v. Ryan,* 1905, 47 Or 338, 344, 82 P 703, 1 LRA (NS) 862, the court, by Mr. Justice WOLVERTON, set out this rule on the proof of a conspiracy:

> "A conspiracy may be proven by showing the declarations, acts and conduct of the conspirators. It is seldom possible to establish a specific understanding by direct agreement between the parties to effect or accomplish an unlawful purpose. Usually, therefore, the evidence must be necessarily circumstantial in character, and will be sufficient, if it leads to the conviction that such a combination in fact existed. Thus, if it be shown that the conspirators were apparently working to the same purpose, that is, one performing one part and another another,—each tending to the attainment of the same object, so that in the end there was apparent concert of action, whether they were acting in the immediate presence of each other or not, would

afford proof of a conspiracy to effectuate that object: (citing cases). Such proofs would evidence prima facie a conspiracy."

We have not deviated from that rule. It is a rule uniformly followed. See cases cited and discussions of these by Arens, Conspiracy Revisited, 1954, 3 Buffalo L Rev 242, at 250; Clark & Marshall, Crimes (1958 6th ed) § 9.03. Justice Jackson is also the author of this statement:

"* * * Actions of the accused are set in time and place in many relationships. Environment illuminates the meaning of acts, as context does that of words. What a man is up to may be clear from considering his bare acts by themselves; often it is made clear when we know the reciprocity and sequence of his acts with those of others, the interchange between him and another, the give and take of the situation." *Cramer v. United States*, 1945, 325 US 1, at 32, 33, 65 S Ct 918, 934, 89 L ed 1441, 1460.

As we have indicated defendant admits his association with the other alleged conspirators during the planning and making of the tool. The later use of the tool to open the telephone coin box in several telephone booths was established. The demonstrated simplicity of the tool and its efficiency in opening a coin box, the care with which it was designed and explained to the makers of the various parts, as well as defendants admitted participation in all but the actual use of the tool, permit the inference of defendant's knowledge. It creates much more than a suspicion. The real test of the evidence was to weigh the truth of the defendant's assertion that he was an innocent dupe instead of a knowing participant. The fact that defendant's assertion of an innocent purpose was not specifically contradicted does not, as defendant claims,

require the court to accept his testimony as true. *Rickard v. Ellis,* 1962, 230 Or 46, 55, 368 P2d 396. Whether or not defendant was in lawful or criminal cooperation was for the jury. *Direct Sales Co. v. U. S.,* 1943, 319 US 703, 63 S Ct 1265, 87 L ed 1674.

■ Some of the alleged overt acts in consummation of the conspiracy occurred when defendant was in jail. Defendant claims he could not have participated in the alleged acts. It is immaterial whether defendant was an actor in the theft from a pay telephone so long as the evidence warrants a finding, as it does, that the conspiracy had not terminated. *United States v. Rabinowich,* 1915, 238 US 78, 35 S Ct 682, 59 L ed 1211; *Brock v. Hudspeth* (CCA 10th, 1940) 111 F2d 447. The only significance of his confinement was that it was proof positive of his whereabouts. The result would be the same regardless of where he was.

Judgment affirmed.