Argued April 25, affirmed May 23, reconsideration denied June 29, petition for review denied December 13, 1977

STATE OF OREGON, *Respondent,*
*v.*
DONALD RAY DUDLEY, *Appellant.*
(No. C 76-06-08364, CA 7412)

564 P2d 711

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

Schwab, C. J., specially concurring opinion.

Tanzer, J., concurring opinion.

**THORNTON, J.**

Defendant appeals from a conviction for robbery in the first degree, ORS 164.415. Defendant's sole contention on appeal is that the trial court's failure to give a requested instruction on alibi constituted reversible error.

Defendant was charged with robbing an acquaintance who had provided him with a place to stay for a short period. The evidence is overwhelming that defendant struck the victim in the back of the head with a hammer on February 24, 1976, bound and gagged him, gathered many of the victim's belongings and left in victim's station wagon. Defendant was apprehended in August of 1976 in California.

Prior to trial defendant disclosed to the state his intention to rely on alibi as a defense. He also stipulated that he would undergo a polygraph examination and that the results of the examination would be admissible at trial.

Defendant did not testify at trial, offered no exculpatory evidence and did not argue or present an alibi defense. However, during the state's case-in-chief the prosecutor and polygraph examiner who had examined the defendant engaged in the following colloquy:

"Q [Prosecutor]. Now, after having advised the defendant of his rights, but prior to beginning the examination, did he make any statements to you concerning this charge?

"A [Polygraph Examiner]. Yes, he did.

"Q Could you please relate to the Jury what in fact he indicated was his story?

"A. Well, he stated that he knew Mr. Burdick previously and he arrived back at Mr. Burdick's residence on approximately February 18, 1976. He stayed with Mr. Burdick for a short period of time and then left on a trip that took him up Highway 80N, Interstate 80, through The Dalles, Boise, then on into Wyoming, Denver, Colorado and into New Mexico, later arriving in Tucson, Arizona.

"He stated that the trip lasted approximately three

[ 473 ]

days and he stayed in Arizona until May of 1976. He then proceeded to Modesto, California, and was later arrested in August of 1976 for the robbery charge of Mr. Burdick.

"Q. Did he make any statements particularly concerning this charge?

"A. Yes. He stated that he did not participate in anyway in the robbery; stated he wasn't even there, that he had left the previous date prior to the occurrence of the robbery.

"Q. Did he indicate to you how many days prior to the robbery he had left?

"A. I believe it was three. Two or three."

After examining defendant it was the opinion of the polygraph examiner that the defendant was deceptive or not truthful in answering questions relating to the robbery. The examiner specifically asked defendant, during the course of the examination, "Were you there when * * * [the victim] was robbed on February 24, 1976?" The examiner testified that "Mr. Dudley's response was, 'No.' I believe that to be deceptive or not completely truthful."

At the close of trial the defense requested Instruction No. 210.05 from the Uniform Jury Instructions (Criminal) of the Oregon State Bar (1971), which then read:

"Evidence has been introduced tending to establish an alibi. Alibi means 'elsewhere' and is a contention that the defendant was not present at the time when and the place where he is alleged to have committed the crime charged.

"If, after consideration of the evidence, you have a reasonable doubt as to whether the defendant was present at the time and place the alleged crime was committed, you should acquit him."

Defendant's requested instruction was not read to the jury.

■ ■ Before an instruction on alibi need be given, there must be some proof in the record that would tend to show that the accused was absent from the scene of the

crime at the time of its commission. *State v. Yielding,* 238 Or 419, 395 P2d 172 (1964); *State v. Poole,* 161 Or 481, 90 P2d 472 (1939). The state, in its brief, concedes that an alibi defense can be raised through the testimony of prosecution witnesses.

The issue of whether the failure to give a requested alibi instruction constitutes reversible error has never been directly decided in Oregon. Although it is implicit from the language of *State v. Yielding, supra,* that where some proof tends to show that the accused was absent from the scene of the crime at the time of its commission an alibi instruction "need be given," no Oregon court has reversed for failure to give a requested alibi instruction.

An increasing number of states, still characterized by the Alaska Supreme Court as a minority, *Ferguson v. State,* 488 P2d 1032 (Alaska 1971), have concluded that even when there is a specific request for an alibi instruction, failure to give the instruction is not reversible error.[1]

■ We need not decide on the facts of this case whether failure to give a requested alibi instruction is reversible error, for we determine that the evidence adduced at trial was insufficient to warrant an alibi instruction. The polygraph examiner's testimony was offered as a prelude to the conclusion that defendant was deceptive or not truthful. As such it is not exculpatory

---

[1] *State v. Hess,* 9 Ariz App 29, 449 P2d 46 (1969); *People v. Westcott,* 86 Cal App 298, 260 P 901 (1927); *The People v. Poe,* 48 Ill2d 506, 272 NE2d 28, *cert denied* 404 US 942 (1971); *People v. Marino,* 5 Ill App3d 778, 284 NE2d 54 (1972); *Witt v. State of Indiana,* 205 Ind 499, 185 NE 645 (1933); *State v. Skinner,* 210 Kan 354, 503 P2d 168 (1972), *overruled on other grounds State v. Wilkins,* 215 Kan 145, 523 P2d 728 (1974); *Whitaker v. Commonwealth,* 302 SW2d 601 (Ky App 1957); *State v. Adams,* 81 Wash2d 468, 478, 503 P2d 111 (1972) ("* * * we incline toward what we perceive to be the modern view that an instruction on alibi * * * is better omitted from the charge to the jury * * *"); *Jenkins v. State,* 22 Wyo 34, 134 P 260, 135 P 749 (1913). *See, State v. Garvin,* 44 NJ 268, 208 A2d 402 (1965) (per Weintraub, C.J., for a clear statement of the main elements of the rationale against requiring an alibi instruction). *See also,* Annotation, 72 ALR3d 547 (1976), on the related issue of whether an alibi instruction is required where no request is made.

nor does it tend to show that the accused was absent from the scene of the crime at the time of its commission.

Affirmed.

**SCHWAB, C. J.,** specially concurring.

I do not think it necessary to deal with the question of whether there was evidence of alibi, and would not do so. If refusal to give an instruction on flight is not error because it is nothing but a comment on the evidence, *State v. McCormick,* 28 Or App 821, 561 P2d 665, Sup Ct *review allowed* (1977), I do not perceive how we can hold otherwise as to an instruction on alibi which merely says to a jury, "Evidence that a defendant was elsewhere at the time the crime was committed was evidence that he didn't commit it."

**TANZER, J.,** concurring.

I concur in both of the opinions of my colleagues: that there was no substantive evidence of alibi to merit an instruction, and that if there were, the alibi instruction is so obvious that it should not be given except where required by exceptional circumstances.[1]

---

[1] The converse is not necessarily true. *Cf. State v. Meidel,* 245 Or 100, 104, 420 P2d 386 (1966).