Argued December 21, 1977, affirmed January 30, 1978

STATE OF OREGON, *Respondent,*

*v.*

CHARLES CHESTER HILL, *Appellant.*

(No. C 77 04 05495, CA 8973)

573 P2d 1273

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Kent B. Thurber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from his conviction after a court trial of kidnapping in the second degree, sodomy in the first degree and rape in the first degree.[1] The only issue on appeal is whether the trial court erred in sustaining the state's objection to defendant's questioning of the prosecutrix as to prior statements she made.

Defendant called the victim as his own witness after she had testified for the state and had been cross-examined by the defendant. After asking the victim several questions about her emotional state during the usual medical examination of rape victims, the following exchange took place between the defense counsel and the victim concerning a conversation between the victim and the codefendant's attorney:

"Q [Defense Counsel] Do you remember talking to Mr. Geil, Miss Jones?

"A I don't know the ——

"Q Mr. Geil, was Mr. Loke's attorney?

"A Oh, yes.

"Q Do you remember telling Mr. Geil ——

"MR. MURPHY [District Attorney]: I am going to object. This is his witness, and he is trying to impeach her, apparently.

"THE COURT: Yes, I am not going to allow you to do that."

■■ Defendant argues that he was attempting to impeach the witness by use of prior inconsistent statements and that the trial court erred by preventing defendant from doing so. ORS 45.590.[2]

---

[1] ORS 163.225, 163.405 and 163.375.

[2] ORS 45.590 provides:

"The party producing a witness is not allowed to impeach his credit by evidence of bad character, but he may contradict him by other evidence, and may also show that he has made at other times statements inconsistent with his present testimony, as provided in ORS 45.610. However, when a party calls as a witness either an adverse

Briefly, defendant's claim cannot be sustained. Calling a state's witness as an adverse witness solely for the purpose of impeachment is impermissible under the general rule forbidding a party to impeach his own witness, *State v. Dowell,* 274 Or 547, 551, 547 P2d 619 (1976).

Affirmed.

party or the assignor, agent, officer or employe of an adverse party, he shall not be deemed to have vouched for the credit of that witness and he may impeach the credit of that witness in the same manner as in the case of a witness produced by an adverse party."