STATE OF OREGON, *Respondent,*
*v.*
RONALD RAY MEEK, *Appellant.*
(No. C 77 04 05498, CA 9022)

582 P2d 464

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from his conviction after a jury trial of burglary in the first degree. ORS 164.225. He makes two assignments of error: (1) that the trial court erred in permitting the state to impeach a codefendant, called as its own witness, by evidence of prior inconsistent statements; and (2) that the trial court erred in failing to give defendant's requested instruction on alibi.

Only a brief description of the facts is necessary for resolution of these issues. On April 3, 1977, a burglary was reported to Portland police, and a description of a white van allegedly involved in the crime was given to officers approaching the scene. Officer Maxey, responding to the call, observed a van answering the description of the suspect vehicle approach and pass him from the opposite direction.

The officer immediately began his pursuit of the van which had disappeared from his sight. After obtaining time checks by radio communication and statements of pedestrians concerning the route taken by the vehicle, he spotted the van in the Washington Park area of Portland. He followed it for some time and then stopped the vehicle, arrested the three occupants, including the defendant, and discovered items from the burglarized premises in the van. From the time he lost sight of the van to the time he began following it approximately four minutes had elapsed.

The state called Timothy Larson, who had been charged with the defendant for the burglary and who had been previously tried and convicted. Larson admitted that he had been at the burglarized premises on the night in question, and he stated defendant was with him when he was stopped and arrested. However, he could not recall what he told investigating Officer Newman the night of his arrest. Specifically he could not recall telling Officer Newman that he had found the burglarized items under some bushes in Washing-

ton Park. He further testified that he picked up the defendant in Washington Park to give him a ride. On cross-examination Larson admitted his involvement in the burglary, but he stated that defendant had not participated in the crime.

The state then called Officer Newman who, over defendant's objection, testified that Larson had stated earlier that he had found the stolen items in the park, loaded them into his van and then picked up defendant as he was leaving the park.

I

The defendant first assigns as error the admission of testimony of Officer Newman regarding the prior statements of Larson as to where he found the stolen property. The prosecutor indicated to the court that his purpose in calling Larson was to lay the foundation for impeaching him with the statements made to Officer Newman.[1] On cross-examination Larson stated that if he had made any statements to Newman that were inconsistent with his testimony at trial, then his prior statements were lies.

■■ A party may impeach its own witness with prior inconsistent statements if it is prejudiced by the witness' allegedly inconsistent testimony. *Rhodes v. Harwood,* 273 Or 903, 914, 544 P2d 147 (1975); *State v. Merlo,* 92 Or 678, 695-705, 173 P 317, 182 P 153 (1919); *State v. Gardner,* 2 Or App 265, 268, 467 P2d 125, *rev den* (1970), *cert den* 406 US 972 (1972). The state has made no showing, and we can discern no evidence in the record, that the testimony of Larson that he took the goods from the house as opposed to finding them in the park was prejudicial to the state. To the contrary, as the state notes in its brief, "neither Mr. Larson's testimony at trial, nor his previous statements to the officer, implicated defendant in the crime." The state

---

[1] We do not reach the question here of whether the state could properly impeach a defense witness called solely for that purpose. *See, State v. Dowell,* 274 Or 547, 547 P2d 619 (1976); *State v. Hill,* 32 Or App 299, 573 P2d 1273 (1978).

[ 652 ]

was able to cast doubt upon Larson's story, by establishing the inconsistency, and thereby undermine defendant's alibi. While not prejudicial to the state, Larson's testimony thereby became prejudicial to the defendant. Calling the witness Larson for the purpose of impeachment therefore was reversible error.

## II

■■ Defendant also contends that the trial court erred in failing to give defendant's requested instruction on alibi.[2] The trial court did give an instruction on accomplice liability, which was as follows:

"* * * A person concerned in the commission of a crime may be convicted of such crime if he directly commits the acts constituting the crime or aids and abets or attempts to aid or abet another in its commission, even though not personally present at the time and place of the commission of the crime. The term to aid and abet another in the commission of a crime means to advise, procure or encourage the commission of a crime knowingly and with criminal intent *before or during its actual commission.* A person may aid and abet another by act or advice or both. Such person is responsible for the acts of each of his associates committed in the prosecution of a criminal purpose." (Emphasis supplied.)

Defendant argues that the jury might have been misled into thinking that defendant could be liable as an accomplice for activity occurring after the burglary. We disagree. The instruction was clear that defendant could only be convicted if he directly committed the crime or aided and abetted its commission through conduct occurring *before or during* the commission of the burglary. No instruction on alibi was necessary on the ground contended for by defendant.

---

[2]Defendant's requested instruction states:

"The defense of alibi has been raised.

"Alibi means 'elsewhere'. Alibi evidence means evidence that the defendant was not present at the time when and the place where the alleged offense was committed.

"If, after consideration of the evidence, you have a reasonable doubt whether the defendant was present at the time and place the alleged crime was committed, you should acquit him."

*See, State v. Dudley,* 29 Or App 471, 564 P2d 711, *rev den* (1977); *State v. Greene,* 30 Or App 1019, 568 P2d 716 (1977), *rev allowed* 281 Or 99 (1978). Moreover, defendant's requested instruction was not a correct statement of the law in any event, because it did not take into account the possibility of accomplice liability. To have given the instruction would have assuredly confused the jury because it absolved defendant if the jury found that he was not present at the scene of the crime while the accomplice instruction provided for liability notwithstanding defendant's absence. The trial court properly refused to give the erroneous instruction. *State v. Brazeal,* 247 Or 611, 431 P2d 840 (1967).

Reversed and remanded.