Argued March 20, affirmed June 18, 1979

STATE OF OREGON, *Respondent,*
*v.*
ALEXANDER DELUCIA, *Appellant.*
(No. DA 139115, CA 12535)
596 P2d 585

Daniel C. Lorenz, Portland, argued the cause for appellant. With him on the brief was Des Connall, P.C., Portland.

James M. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant appeals from his conviction of assault in the third degree following a jury trial. He makes two assignments of error: (1) that the trial court erred in refusing to give an instruction on the use of physical force in defense of premises and (2) that the trial court incorrectly limited cross-examination of the victim as to his financial interest in the criminal case arising out of a contemplated civil action. We affirm.

The incident giving rise to this prosecution occurred while defendant was acting as a security guard at a rock concert. Testimony at trial disclosed that defendant struck the victim in the face five or more times after the victim had refused first to move out of the aisle and then to leave the coliseum at defendant's request and had finally resisted defendant's efforts to forcibly evict him.

At trial, defendant requested that the following instruction be given:

> "A person in lawful possession or control of premises is justified in using physical force upon another person when and to the extent that he reasonably believes it necessary to prevent or terminate what he reasonably believes to be the commission or attempted commission of a criminal trespass by the other person in or upon the premises."

The trial judge refused to give the instruction because no evidence had been presented as to the authority of defendant's employer, E.J.D. Security, to evict. We agree that the instruction was properly denied, but base our decision on the incompleteness of the instruction. We, therefore, find it unnecessary to reach the question of defendant's authority to evict.

The instruction, as requested, follows exactly the language of ORS 161.225(1) which delineates the use of physical force in defense of premises. It is, therefore, a correct statement of law insofar as it goes. Its defect lies in its incompleteness. ORS 161.225(1), as

[713]

repeated in the instruction, allows the use of physical force to prevent or terminate what is reasonably believed to be the commission or attempted commission of a *criminal trespass* in or upon the premises. Therefore, in order to decide whether the defense was justified, the jury must know what a "criminal trespass" is so that it ay determine whether defendant had a reasonable belief that one was indeed committed or imminent.

■ ■ The term "criminal trespass" is statutorily defined[1] and should not be left to the jury's imagination. We shall assume, as we said in *State v. Davis,* 18 Or App 125, 127, 523 P2d 1283 *rev den* (1974), "that jurors are not lawyers and, even if lawyers, not versed in criminal law." We held in that case that a trial court may properly refuse an incomplete instruction; we so reiterate here. *See also State v. Brazeal,* 247 Or 611, 612, 431 P2d 840 (1967); *State v. Simmons,* 34 Or App

---

[1] ORS 164.245 provides in relevant part:

"(1) A person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises."

This is further statutorily defined as follows:

ORS 164.205(3)(a) provides:

"(3) 'Enter or remain unlawfully' means:

"(a) To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so; * * *"

ORS 161.225(1) and (3) provide:

"(1) A person in lawful possession or control of premises is justified in using physical force upon another person when and to the extent that he reasonably believes it necessary to prevent or terminate what he reasonably believes to be the commission or attempted commission of a criminal trespass by the other person in or upon the premises.

"* * * * *

"(3) As used in subsection (1) and paragraph (a) of subsection (2) of this section, 'premises' includes any building as defined in ORS 164.205 and any real property. As used in paragraph (b) of subsection (2) of this section, 'premises' includes any building."

ORS 164.205(6) provides:

"(6) 'Premises' includes any building and any real property, whether privately or publicly owned."

[714]

929, 935, 580 P2d 564 *rev den* (1978); *State v. Meek,* 35 Or App 649, 654, 582 P2d 464 (1978).

Defendant further contends that the trial judge erred in sustaining the state's objection to the following questions posed by defense counsel during cross-examination of the victim:

"You talked to a lawyer, you said, about this case?[2]

"\* \* \* \* \*

"Do you have any financial stake in the outcome of this case?"

The judge listened to the arguments of counsel in chambers and sustained the objection. After the jury had retired, the trial judge allowed both lawyers to place their arguments on the record and stated his reasons for sustaining.

Defense counsel argued that the victim's intention to bring a civil suit for damages would indicate a bias in the way of a financial interest in the outcome of the criminal trial. Having determined in chambers that there was no civil suit pending at the time of this trial, the trial judge ruled that it would be too speculative to let the information in as it would probably confuse the jury more than it would assist them.

While recognizing that as a general rule cross-examination of the prosecuting witness should be allowed to show the pendency, existence and status of a civil action against the accused arising out of the same set of circumstances as those which served as the basis for the criminal prosecution, Anno. 21 ALR2d 1078, 1079 (1952), we find the error here to be harmless.

---

[2] Earlier in defense counsel's cross-examination of the witness he had responded as follows when asked what he had done to prepare to testify:

"A. I had written out—after this incident happened I had gone home and I had written out a account of what happened because I intended to see an attorney to see if there was anything that I could do about seeing that this didn't happen to somebody else or to me again."

Both defendant and the prosecuting witness testified to the fact that force was used by the defendant. Defendant's primary defense, as discussed above, was that he had the right to use force under the circumstances. There was no contradiction to the prosecuting witness's testimony about the use of force and his testimony had no bearing on the question of authority, which question was, in any event, not presented to the jury. The sustaining of the objection was not prejudicial.

Affirmed.